Michael T. Stoller, Esq., (Bar No. 120241)
LIBERTY LAW GROUP
7215 Canby Avenue
Reseda, California 91335
Telephone: 310-245-4028
Email: michael.stoller@stollerlawgroup.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA LOOF and S.L.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>UPLAND UNIFIED SCHOOL DISTRICT,<br><br>　　　　　Defendant. | CASE NO.<br><br>**COMPLAINT FOR REVERSAL OF DISMISSAL OF AN ADMINISTRATIVE DUE PROCESS COMPLAINT** |

COMES NOW Plaintiffs, RITA LOOF and S.L. ("Plaintiffs") and allege, on information and belief, as follows:

### I. JURISDICTION

1. This Court has original jurisdiction over this action under the Individuals with Disabilities Education Act, 20 U. S. C. § 1400-1482. Plaintiffs were the Petitioners in a due process hearing complaint filed with the California Office of Administrative Hearings ("OAH"), Case # 2020090375.

2. Jurisdiction in this complaint for review of the administrative due process Order is conferred by 20 U. S. C. § 1415(i)(3)(A).

### II. VENUE

3. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because Plaintiffs and Defendant are in this district and the claims arose in this district.

### III. THE PARTIES

4. Plaintiff S.L. is a 23-year-old student with a disability. At all times relevant to this complaint – the 2018-2019 school year – she was a student residing in the attendance area of Defendant and well under the cut-off age for special education of 22 years old. S.L. was eligible for special education as a student with Specific Learning Disabilities, and she was eligible for special education under IDEA and State law for her entire school career.

5. Plaintiff RITA LOOF is the mother of S.L. and, at all times relevant to this complaint, was, along with her husband, responsible for providing educational services to S.L. when the District denied her a free appropriate public education (FAPE) under IDEA and State law.

6. Defendant UPLAND UNIFIED SCHOOL DISTRICT (District, Upland) is a school district duly organized and existing under the laws of the State of California as a Local Educational Agency (LEA). At all times relevant to this matter, the District had the responsibility to respond to assessment requests of S.L., to assess comprehensively, and then to offer a FAPE as required by IDEA and State law, and had the duty to comply with all mandates of IDEA.

### IV. RELEVANT PROCEDURAL HISTORY

7. On September 11, 2020, Plaintiff Rita Loof filed a request for a due process hearing with OAH on behalf of her daughter Sarah Loof (S.L.). On December 15, 2020, Defendant filed a motion with OAH requesting dismissal of Plaintiffs' complaint on the basis of collateral estoppel, because OAH had issued a decision (2020 Decision) on November 24, 2020 in consolidated OAH cases 2019080542, 2020040245, and 2020010465, involving Student and Upland Unified.

8. In her Opposition to Defendant's Motion to Dismiss, Plaintiffs noted that collateral estoppel did not apply because the Order was not final, although it was the final administrative determination, and was still subject to review in this Court. On February 22, 2021, Plaintiffs did in fact file Case 2:21-cv-06144 in this Court for reversal of that administrative decision, which is now pending in this Court.

9. On December 30, 2020, the ALJ granted Defendant's motion to dismiss Case # 2020090375 on the ground of collateral estoppel. Plaintiffs filed a motion for reconsideration on January 7, 2021, which the ALJ denied on January 8, 2021.

10. With the OAH denial of reconsideration of its Order regarding OAH Case 20020090375, Plaintiffs have exhausted their administrative remedies and have timely filed this complaint to reverse the OAH Order to Dismiss and the subsequent OAH denial of reconsideration.

## V. FIRST CAUSE OF ACTION

<u>For Reversal of the OAH Due Process Order to Dismiss for Collateral Estoppel</u>

11. Plaintiffs incorporate by reference each and every allegation of Paragraphs 1 through 9 of the Complaint as though fully set forth herein.

12. Under the IDEA, a student with a disability who raises issues in an IDEA hearing has a right to a full and fair hearing of the issues. Plaintiffs allege that the OAH Order to Dismiss due to collateral estoppel mistakenly held that issues had been finally adjudicated which in fact had not been, and still have not been, because they are at this moment before this Court for review in Case 2:21-cv-06144. Collateral estoppel cannot apply before there is a final judgment.

13. Collateral estoppel must satisfy *all* of the following elements:
  1. The issue to be precluded must be identical to that decided in the prior proceeding;
  2. The issue must have been actually litigated at that time;
  3. The issue must have been necessarily decided;
  4. The decision in the prior proceeding must be final and on the merits; and
  5. The party against whom preclusion is sought must be in privity with the party to the former proceeding.

14. The ALJ erred in applying the law in at least two ways. First, the ALJ found collateral estoppel although there is a pending case, in which a final adjudication has not yet occurred; hence the decision is not final. Second, the ALJ mistakenly found that refusal to consent to an evaluation not only exits a student from special education, but bars that student from special education eligibility forever thereafter. Thus, the issue of S.L.'s eligibility in 2018-2019 cannot have been decided yet, and the issues in 2018-2019 cannot have been identical to those in 2018-2019.

15. The parent's refusal to allow assessment, if that occurred, would indeed have exited the student from special education. If the 2020 Decision is finally affirmed, this Court must deem that this happened. However, contrary to the ALJ's holding, until S.L. aged out at age 22, she could always have been referred again for special education assessment. That referral would not yet have entitled S.L. to services, but it would have entitled her to comprehensive assessment and the offer of a FAPE, which if accepted would have put her back in special education and entitled her to services. Indeed, even explicit parent revocation need not be permanent. See OSEP Letter to Cox (2009).

16. Accordingly, whether or not S.L. became ineligible through refusal to consent to assessment, nothing about her future status was thereby settled. Failing to acknowledge any of this, the ALJ denied the parent any opportunity to try before a fact-finder all these questions regarding the 2018-2019 school year.

## VI. PRAYER FOR RELIEF

Plaintiffs request relief as follows:

1. The OAH administrative Order dismissing OAH case 2020090375 for collateral estoppel should be reversed, and the case should be remanded to OAH for hearing of the issues.

2. The ALJ's finding that S.L. was not entitled to a hearing for the 2018/2019 school year, based on a prior decision regarding events involving the 2016/2017 period, forever excluding her from special education once she allegedly failed to consent to assessment – even if the parent in 2018 and 2019 repeatedly referred her for assessment and consented to the Defendant's assessments in 2018 and 2019 – should be reversed.

3. Such additional relief should be awarded as the Court determines to be appropriate.

Dated: March 30, 2021

LIBERTY LAW GROUP

By: *Michael T. Stoller*

MICHAEL. T. STOLLER
Attorney for Plaintiffs