FAGEN FRIEDMAN & FULFROST, LLP
Christopher J. Fernandes, SBN 204844
cfernandes@f3law.com
Joshua M. Walden, SBN 325296
jwalden@f3law.com
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Phone: 760-304-6000
Fax: 760-304-6011

Attorneys for Upland Unified School District

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| RITA LOOF AND S.L.,<br><br>Plaintiffs,<br><br>vs.<br><br>UPLAND UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | CASE NO. 5:21-cv-00556-JGB-(SPx)<br><br>**DEFENDANT UPLAND UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>Date:   August 23, 2021<br>Time:   9:00 a.m.<br>Crtrm.: 1<br>Judge:  Hon. Jesus G. Bernal<br><br>Trial Date:   None Set |

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 23, 2021. at 9:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Jesus G. Bernal, located in the United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Upland Unified School District ("Defendant" or "District") will and hereby does move this Court to Dismiss Plaintiffs' Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

This Motion is made upon the grounds that Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Defendant. This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Christopher J. Fernandes, and the Request for Judicial Notice filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 12, 13, and 14, 2021.

DATED: July 19, 2021        FAGEN FRIEDMAN & FULFROST, LLP

By:   */s/ Christopher J. Fernandes*
      Christopher J. Fernandes
      Joshua M. Walden
      Attorneys for Upland Unified School District

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

## TABLE OF CONTENTS

Page

I.   INTRODUCTION .................................................................................... 1

II.  LEGAL STANDARD ............................................................................... 6

III. ARGUMENT ............................................................................................ 8

    A.   Plaintiffs Failed to Plead Plausible Claims Regarding Their First Cause of Action.................................................................................. 8

IV. CONCLUSION ...................................................................................... 12

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

i  Case No. 5:21-cv-00556-JGB-(SPx)
NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) .......................................................................................... 6, 8

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544, 555, 570 (2007) .......................................................................... 6, 8

*Bellflower Unif. Sch. Dist.*
    (OAH 2019) Case No. 2018071234 ................................................................. 9, 10

*Buckley v. BMW N. Am.*
    cv-19-1255, 2019 WL 6465509, at *7 (C.D. Cal. Dec. 2, 2019) ........................... 8

*Collins v. D.R. Horton, Inc.*
    (9th Cir. 2007) 505 F.3d 874 ............................................................................. 9, 10

*Elec. Props. E., LLC v. Marcus and Millichap Co.*
    751 F.3d 990, 995-96 (9th Cir. 2014) ..................................................................... 8

*Erickson v. Pardus*
    551 U.S. 89 (2007) ................................................................................................. 7

*Fowler v. Howell*
    (1996) 42 Cal.App. 4th 1746, 1750 ....................................................................... 8

*Hitek Software, LLC v. Sunrise Broadcasting of N.Y., Inc.*
    cv-12-8004, 2013 WL 12137879, at *3 (C.D. Cal. Feb. 21, 2013) ....................... 1

*Ileto v. Glock*
    349 F.3d 1191, 1199-1200 (9th Cir. 2003) ............................................................ 6

*In re Text Messaging Antitrust Litig.*
    630 F.3d 622, 629 (7th Cir. 2010) (Posner, J.) ....................................................... 8

*Johnson v. Fed. Home Loan Mortg. Corp.*
    793 F.3d 1005, 1007 (9th Cir. 2015) ...................................................................... 7

*Lee v. City of Los Angeles*
    250 F.3d 668, 688 (9th Cir. 2001) ................................................................. 1, 7, 8

*Marsh v. San Diego Cnty.*
    432 F.Supp.2d 1035, 1043–44 (S.D.Cal. 2006) ..................................................... 8

*Meyer v. One West Bank, F.S.B.*
    91 F.Supp.3d 1177, 1180 (C.D. Cal. 2015) ............................................................ 8

*Robertson v. Dean Witter Reynolds, Inc.*
    749 F.2d 530, 533-34 (9th Cir. 1984) .................................................................... 7

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

*Sprewell v. Golden State Warriors*
    266 F.3d 979, 988 (9th Cir. 2001) ................................................................... 7

*Swartz v. KPMG LLP*
    476 F.3d 756, 763 (9th Cir. 2007) ................................................................... 8

*Tripati v. Henman*
    (9th Cir. 1988) 857 F.2d 1366, 1367 ......................................................... 9, 10

*United States v. Ritchie*
    342 F.3d 903, 908-09 (9th Cir. 2003) .............................................................. 7

**STATUTES**

34 C.F.R. § 300.502 .................................................................................................. 2

California Educucation Code, § 56505(h) ................................................................ 9

California Civil Code § 54 ....................................................................................... 3

California Civil Code § 54.1 .................................................................................... 3

California Government Code § 11135 ..................................................................... 3

Federal Rules Evidence 201(b) ............................................................................ 7, 8

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Upland Unified School District ("Defendant") respectfully submits the following points and authorities in support of its Motion to Dismiss Plaintiffs' Complaint pursuant to FRCP 12(b)(6).

## I. INTRODUCTION

On August 25, 26, and 27, September 1, 2, 3, 15, 17, 22, 24 and 25, Plaintiffs and the District (collectively referred to as "Parties") participated in a video conference due process hearing before the California Office of Administrative Hearings ("OAH").[1] OAH designated the matter as OAH Case Nos. 2019080542, 2020040245, and 2020010465.

On September 11, 2020, while the Parties were participating in the above-referenced due process hearing, Plaintiffs filed another request for a due process hearing with OAH.[2] OAH designated the matter as OAH Case No. 2020090375. Plaintiffs raised the following issues against the District:

1. Whether the District denied S.L. a FAPE by failing to timely convene an annual IEP meeting for the 2018-2019 school year and the 2019 extended school year;

2. Whether the District denied S.L. a FAPE by failing to have an annual IEP and offer of FAPE in place for S.L. for the 2018-2019 school year and for the 2019 extended school year;

---

[1] The following hearing days were dark: September 16 and 23, 2020.

[2] September 11, 2020 Due Process Complaint ("Due Process Complaint"). The Due Process Complaint is attached to the Declaration of Christopher J. Fernandes ("Fernandes Decl.") and Request for Judicial Notice as Exhibit 1. While, ""[a]s a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion[,]" the Court may consider "material which is . . . necessarily relied on in the complaint . . . ." *Hitek Software, LLC v. Sunrise Broadcasting of N.Y., Inc.*, cv-12-8004, 2013 WL 12137879, at *3 (C.D. Cal. Feb. 21, 2013), quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

3. Whether the District denied S.L. a FAPE by failing to timely fund or file pursuant to 34 C.F.R. § 300.502 in response to Parent's request for IEEs;

4. Whether the District denied S.L. a FAPE by failing to timely file a due process complaint during the 2018-2019 school year when it believed that Parents failed to consent to the proposed assessment plan;

5. Whether the District denied S.L. a FAPE by failing to convene an IEP meeting within 30 days of Parent request;[3]

6. Whether the District denied S.L. a FAPE by failing to allow Parent meaningful participation in the IEP process when it failed to provide her with the District's written offer of FAPE and IEP for the 2018-2019 school year;

7. Whether the District denied S.L. a FAPE by failing to offer and/or provide appropriate transition assessment and services by:

   a. Failing to develop appropriate, measurable, post-secondary goals based upon age appropriate transition assessments related to training, education, employment, and, where appropriate, independent living skills; and

   b. Failing to offer transition services to assist S.L. in reaching post-secondary goals, vocational education goals, integrated employment goals (including supported employment), continuing and adult education, adult services, independent living, and community participation;

8. Whether the District's denial of a FAPE for S.L. resulted in denials of her rights under Section 504 of the Rehabilitation Act, the Americans

---

[3] The Due Process Complaint contained issues # 1 through 4 and 6 through 10, as numbered in the due process complaint. However, Plaintiffs did not identify an issue # 5 in the Due Process Complaint. *See id.* at pp. 23-25.

with Disabilities Act, California Government Code § 11135, the California Civil Code §§ 54 and 54.1, and the Unruh Act; and

9. Whether the District denied S.L. a FAPE by failing to conduct assessments requested by Parents and convene an IEP meeting within 60 days of Parents' request.[4]

On November 24, 2020, OAH issued a decision ("OAH Decision") in OAH Case Nos. 2019080542, 2020040245, and 2020010465.[5] OAH found that the District prevailed on each issue heard and decided with the exception of issues # 16 and 18, as numbered above, for which neither Plaintiffs nor the District prevailed. In the OAH Decision, OAH denied all of Plaintiffs' requests for relief and determined that S.L. "was not eligible for special education and related services after June 30, 2017, and was not entitled to a FAPE from [the District] thereafter."[6] Also, in the OAH Decision, OAH stated that "[t]his is a final administrative decision, and all parties are bound by it. Pursuant to Education Code section 56505, subdivision (k), any party may appeal this Decision to a court of competent jurisdiction within 90 days of receipt."[7]

On December 15, 2020, in OAH Case No. 2020090375, the District filed a motion requesting judicial notice of the OAH Decision and application of the doctrine of collateral estoppel to the factual and legal conclusions in the OAH Decision, particularly, OAH's determination that S.L. was not eligible for special education and related services after June 30, 2017, and was not entitled to a FAPE

---

[4] *Id.* at pp. 23-25.

[5] November 24, 2020 OAH Decision ("OAH Decision"). The OAH Decision is attached to the Fernandes Decl. and Request for Judicial Notice as Exhibit 2.

[6] OAH Decision, p. 127.

[7] *Id.*

from the District thereafter.[8]

On December 22, 2020, Plaintiffs filed an opposition to the District's application for collateral estoppel.[9] In the Opposition, Plaintiffs alleged, among other things, that the OAH Decision "rendered in the prior proceeding is not final as it is appealable and [Plaintiffs] ha[ve] until February 22, 2021[,] to appeal [OAH Decision]."[10] Specifically, in the Opposition, Plaintiffs stated that "[t]he OAH [D]ecision is subject to review until February 22, 2021[,] and thus it is not final."[11] Plaintiffs failed to cite any legal authority for such a proposition.

On December 30, 2020, OAH issued an Order Granting Request for Official Notice of the November 24, 2020 Decision and Granting Motion to Dismiss Issues Barred By The Doctrine of Collateral Estoppel.[12] In the OAH Order, OAH stated that Plaintiffs "raise[d] 9 issues in [their] complaint, eight of which were decided by the [OAH Decision] . . . [Plaintiffs'] Issue 9 raise[d] alleged violations based on Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilit[ies] Act, the Unruh Civil Rights Act, and other state civil rights laws. OAH does not

---

[8] December 15, 2020 Motion Requesting Judicial Notice and Application of Collateral Estoppel, attached to Fernandes Decl. and Request for Judicial Notice as Exhibit 3.

[9] December 22, 2020 Opposition to the Motion Requesting Judicial Notice and Application of Collateral Estoppel ("Opposition"), attached to Fernandes Decl. and Request for Judicial Notice as Exhibit 4.

[10] *Id.* at p. 1.

[11] *Id.* at p. 9.

[12] December 30, 2020 Order Granting Request for Official Notice of the November 24, 2020 Decision and Granting Motion to Dismiss Issues Barred by the Doctrine of Collateral Estoppel; Order Dismissing Non-IDEA Claims; Order Granting Motion to Amend Complaint and Dismissing Issues Barred by Collateral Estoppel and Non-IDEA Claims ("OAH Order"), attached to Fernandes Decl. and Request for Judicial Notice as Exhibit 5.

have jurisdiction to resolve those claims. Accordingly, Issue 9 is dismissed."[13] OAH also determined that the District's "defense that it was not obligated to provide [S.L.] a FAPE for the 2018-2019 school year was litigated between the parties and OAH *issued a final judgment* finding that [S.L.] was not entitled to a FAPE from the [District] after June 30, 2017."[14] Further, OAH stated the following in the OAH order:

> As to [Plaintiffs'] Issue 10, [they] contend [the District] failed to conduct assessments requested by Parent and to convene an IEP team meeting within 60 days of Parent's request. The complaint's only reference to requests for assessments in 2018 or 2019 involved Parent's requests made in June and July of 2018. Issue 9 was addressed in the [OAH Decision], identified as Issue 15. OAH found that [the District] did not deny [S.L.] a FAPE by failing to timely assess her in response to Parent's July 26, 2018 request for assessments. [Plaintiffs] and [the District were afforded an opportunity to litigate Issue 15, with both parties offering testimony and documentary evidence to support their contentions. Accordingly, [Plaintiffs'] Issue 10 is barred by the doctrine of collateral estoppel, and hence, dismissed.[15]

On or about February 22, 2021, Plaintiffs filed a complaint with the Central District Court of California appealing the OAH Decision. The Central District Court of California designated the matter as Case No. 5:21-cv-00326-JGB-KK. Attorney Tania Whiteleather represents Plaintiffs in that matter.[16]

On or about March 30, 2021, Plaintiffs filed the complaint in the present matter ("Complaint") with the Central District Court of California requesting reversal of the OAH Order and remand to OAH for hearing of the issues. The

---

[13] *Id.* at pp. 4, 7.

[14] *Id.* at 5 (emphasis added).

[15] *Id.* at

[16] *See* Docket Report, Case No. 5:21-cv-00326-JGB-KK, attached to Fernandes Decl. and Request for Judicial Notice, as Exhibit 6.

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

Central District Court of California designated the matter as Case No. 5:21-cv-00556-JGB-SP. Attorney Michael Stoller represents Plaintiffs in the present matter.

As discussed in this motion, Plaintiff's first cause of action fails to state a claim on which relief can be granted. Plaintiffs filed a due process complaint, in which OAH ruled in the District's favor on all heard and decided with the exception of issues # 16 and 18 for which neither Plaintiffs nor the District prevailed.[17] Plaintiffs filed a second Due Process Complaint and raised nine issues in the Due Process Complaint, all of which OAH dismissed and eight of which OAH dismissed because those issues were decided by the OAH Decision and were barred by the doctrine of collateral estoppel.[18] Plaintiffs inappropriately filed two separate additional federal court matters, one seeking partial reversal of the OAH Decision, and the second requesting reversal of the OAH Order by reasserting the *exact same claims* that OAH already considered and of which it disposed. Accordingly, Plaintiffs' Complaint in this matter requesting reversal of the OAH Order lacks merit, has been improperly filed, and should be dismissed as a matter of law.

## II. LEGAL STANDARD

A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.[19] The complaint must give defendant fair notice of what the claim is and the grounds upon which it rests.[20] To meet this requirement, the complaint must be supported by factual allegations.[21] "While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a

---

[17] *See* OAH Decision, pp. 122-27.

[18] *See* OAH Order, pp. 8-9.

[19] *Ileto v. Glock,* 349 F.3d 1191, 1199-1200 (9th Cir. 2003).

[20] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

presumption of truth.[22]  *Iqbal* and *Twombly* prescribe a two-step process for evaluation of motions to dismiss.  The court first identifies the non-conclusory factual allegations, and the court then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief."[23]  A complaint is properly dismissed under Rule 12(b)(6) if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."[24]  The Court is not required to accept any allegations that are "conclusory, unwarranted deductions of fact, or unreasonable inferences."[25]

"Although as a general rule [courts] may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, [courts] may consider extrinsic evidence not attached to the complaint if the document's authenticity is not contested and the plaintiff's complaint necessarily relies on it."[26]

Further, Courts may take judicial notice of adjudicative facts that are not subject to reasonable dispute.[27]  "Facts are indisputable, and thus subject to judicial notice, only if they either 'generally known' . . . or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned[.]"[28]  The Court may take judicial notice of records and reports of administrative bodies,

---

[22] *Id.,* at 679.

[23] *Id.*; *Erickson v. Pardus*, 551 U.S. 89 (2007).

[24] *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

[25] *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

[26] *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015), *citing*, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

[27] *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003), citing Fed. R. Evid. 201(b)).

[28] *Id*. at 909.

official acts, records of any court of this state, and the contents of public records.[29]

## III. ARGUMENT

### A. Plaintiffs Failed to Plead Plausible Claims Regarding Their First Cause of Action.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."[30] As stated above, determining plausibility is a two-step process dependent on the Court's judicial experience and common sense.[31] It is the plaintiff's burden to include "sufficient factual enhancement to cross the line between possibility and plausibility."[32] A plaintiff must do so without reliance on assumptions, inferences, or labels and conclusions.[33] Therefore, when the well-pled allegations in a complaint, however true, could not raise a claim of entitlement to relief, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."[34]

In the Complaint, Plaintiffs raise two arguments related to the first cause of

---

[29] *See* Fed. R. Evid. 201(b); *Marsh v. San Diego Cnty.*, 432 F.Supp.2d 1035, 1043–44 (S.D.Cal. 2006); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Fowler v. Howell* (1996) 42 Cal.App. 4th 1746, 1750; *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).)

[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausible" refers to a moderately high likelihood of occurrence. *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 629 (7th Cir. 2010) (Posner, J.)

[31] *Elec. Props. E., LLC v. Marcus and Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014).

[32] *Buckley v. BMW N. Am.*, cv-19-1255, 2019 WL 6465509, at *7 (C.D. Cal. Dec. 2, 2019).

[33] *Ashcroft v. Iqbal,* 556 U.S. at 678-79 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Meyer v. One West Bank, F.S.B.*, 91 F.Supp.3d 1177, 1180 (C.D. Cal. 2015).

[34] *Twombly,* 550 U.S. at 558.

action. In Plaintiffs' first contention, they allege that OAH "mistakenly held that issues had been finally adjudicated which in fact had not been, and still have not been, because they are at this moment before this Court for review in Case 2:21-cv-06144."[35] Plaintiffs allege that collateral estoppel cannot apply because "there is a pending case, in which a final adjudication has not yet occurred; hence the decision is not final."[36]

Plaintiffs contentions are incorrect. The Complaint erroneously concludes that "[c]ollateral estoppel cannot apply before there is a final judgment."[37] However, Plaintiffs failed to cite any legal authority in support of their position that the OAH Decision was not a "final judgment."[38] Rather, California Education Code section 56505 states to the contrary.[39] Specifically, California Education Code section 56505, subdivision (h) states that "[t]he hearing conducted pursuant to this section shall be the final administrative determination and binding on all parties."[40] The OAH Decision stated to the same effect.[41]

Contrary to Plaintiffs' contentions, a final judgment retains its collateral estoppel effect, if any, while pending appeal.[42] The Ninth Circuit Court of Appeals

---

[35] *Id.*

[36] *Id.*

[37] Complaint, p. 3.

[38] *See* Complaint. pp. 3-4.

[39] Cal. Educ. Code, § 56505(h).

[40] *Id.*

[41] OAH Order, p. 127.

[42] *See Tripati v. Henman* (9th Cir. 1988) 857 F.2d 1366, 1367 (stating that "'[t]he established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal.'"); *see also Collins v. D.R. Horton, Inc.* (9th Cir. 2007) 505 F.3d 874, 882-83; *Bellflower Unif. Sch. Dist.* (OAH 2019) Case No. 2018071234 (stating that "a pending appeal does not affect a judgment's finality for preclusion purposes.")

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

has held that the benefits of giving a judgment preclusive effect pending appeal outweigh any risks of a later versal of that judgment.[43]  In *Tripati*, the Ninth Circuit Court of Appeals opined that "[t]o deny preclusion in these circumstances would lead to an absurd result: Litigants would be able to refile identical cases while appeals are pending, enmeshing their opponents and the court system in tangles of duplicative litigation."[44]

In the alternative, even assuming, *arguendo*, that a final judgment loses its collateral estoppel effect while pending appeal, Plaintiffs failed to allege any specific facts and cite any legal authority regarding how an appeal of the OAH Decision, filed 45 days after the date of the OAH Order, meant that a "final adjudication ha[d] not yet occurred."[45]  In fact, Plaintiffs could have appealed the OAH Decision prior to the date of the OAH Order, but conceded that they waited because Plaintiffs had "until February 22, 2021[,] to appeal the [OAH Decision]."[46]  At the time of the OAH Order, there was no pending appeal of the OAH Decision. Plaintiffs failed to establish otherwise and also failed to cite any legal authority in the Complaint in support of their position.

In Plaintiffs' second contention, they allege that the administrative law judge "mistakenly found that refusal to consent to an evaluation not only exits a student from special education, but bars that student from special education eligibility forever thereafter."[47]  Further, Plaintiffs allege that "[t]he parent's refusal to allow assessment, if that occurred, would indeed have exited the student from special

---

[43] *Collins v. D.R. Horton, Inc.* (9th Cir. 2007) 505 F.3d 874, 882-83; *citing Tripati, supra*, 857 F.2d at 1367; *see also Bellflower Unif. Sch. Dist. supra.*

[44] *Tripati, supra*, at 857 F.2d at 1367.

[45] Complaint, p. 3.

[46] Opposition, p. 9, attached as Exhibit 4.

[47] Complaint, p. 4.

1 education. If the [OAH Decision] is finally affirmed, this Court must deem that this
2 happened. However, contrary to the [OAH Decision] until S.L. aged out at age 22,
3 she could always have been referred again for special education assessment."[48]
4 Plaintiffs, however, failed to allege specific facts regarding how a speculative
5 referral for an assessment for S.L. would require a reversal of the OAH Order.
6 Through the Complaint in the present matter, it appears that Plaintiffs attempt to
7 challenge the OAH Decision, even though the Complaint requests a reversal of the
8 OAH Order. Such a challenge would be inappropriate as there already is a pending
9 federal court action in Case No. 5:21-cv-00326-JGB-KK requesting a partial
10 reversal of the OAH Decision.[49] Plaintiffs may not attempt to challenge the OAH
11 Decision in both the Complaint in the present matter and the federal court complaint
12 in Case No. 5:21-cv-00326-JGB-KK.
13     Nonetheless, Plaintiffs failed to allege sufficient facts under a cognizable
14 legal theory. Plaintiffs' second contention relies on a vague conjecture that S.L.
15 "could always have been referred again for [a] special education assessment."[50]
16 However, Plaintiffs failed to identify a date of any subsequent referral. Further, the
17 OAH Order specifically found to that contrary, stating that "[t]he [Due Process
18 Complaint]'s only reference to requests for assessments in 2018 or 2019 involved
19 Parent's requests made in June and July of 2018."[51] Plaintiffs failed to allege the
20 date of any subsequent referral in the Complaint in the present matter.
21 / / /
22 / / /
23 / / /
24
25 [48] *Id.*
26 [49] *See* Docket Report, Case No. 5:21-cv-00326-JGB-KK, attached as Exhibit 6.
27 [50] Complaint, p. 4.
28 [51] OAH Order, p. 6, attached as Ex. 5.

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

## IV. CONCLUSION

Accordingly, Plaintiff's first cause of action should be dismissed for the reasons discussed above.

DATED: July 19, 2021                    FAGEN FRIEDMAN & FULFROST, LLP

By:     */s/ Christopher J. Fernandes*
        Christopher J. Fernandes
        Joshua M. Walden
        Attorneys for Upland Unified School District

368-361/6138472.1