Michael T. Stoller, Esq., (Bar No. 120241)
LIBERTY LAW GROUP
7215 Canby Avenue
Reseda, California 91335
Telephone:  310-245-4028
Email:  michael.stoller@stollerlawgroup.com

Attorney for Plaintiffs
RITA LOOF, RENE LOOF, AND RACHEL LOOF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA LOOF AND SARAH LOOF<br><br>Plaintiffs,<br><br>v.<br><br>UPLAND UNIFIED SCHOOL DISTRICT<br>Defendant. | Case No.  5:21-cv-00556-JGB-SPx<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6).**<br><br>Date: August 23, 2021<br>Time: 9:00 a.m.<br>Courtroom.: 1<br>Judge: Hon. Jesus G. Bernal |

Plaintiffs hereby oppose Defendant's motion to dismiss under FRCP 12(b)(6).

1

# TABLE OF CONTENTS

2

3

I.   INTRODUCTION ........................................... 6

4

II.  THE LEGAL STANDARD .......................................... 7

5

6

III. FACTUAL BACKGROUND ......…................................... 8

7

IV. THE COMPLAINT STATES A CLAIM UPON WHICH RELIEF

8

     MAY BE GRANTED …………………………………………………10

9

   A. This Court has jurisdiction to review the ALJ's legal conclusions

10

     and mixed conclusions of fact and law de novo…………………………10

11

   B. On the facts alleged, there can be no collateral estoppel…………………10

12

     1.  Collateral estoppel requires identical issues, and the issues in the
        2018-2019 and 2016-2017 school years are not identical……………10

13

     2.  Defendant's motion depends on the disputed factual allegation that

14

        Plaintiff refused District assessment in 2016, and on the incorrect
        legal conclusion that such refusal forever barred S.L. from the right

15

        to future special education assessment and eligibility……....…………..11

16

     3.  Defendant's authorities applying collateral estoppel while a matter
        is on appeal are off-point in relation to IDEA cases ; on-point Ninth

17

        Circuit authority is to the contrary…………………………………………12

18

     4.  Defendant alleges, but does not show, that Plaintiffs' appeal of this
        OAH dismissal is somehow barred by Plaintiffs' ongoing appeal

19

        of the earlier case……………………………………………………...14.

20

     5.  The IDEA statute explicitly limits issue preclusion in administrative
        due process hearings……………………………………………………..15

21

     6.  The finality of IDEA administrative decisions is conditioned

22

        on appeal, and is immediately enforceable only if the hearing
        officer finds for the parent - as is not the case here...…………………16

23

     .

24

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)

25

26

27

28

V.  CONCLUSION ....................................................................…..................... 17

3
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)

# TABLE OF AUTHORITIES

**Federal Cases**

*A.D. v Hawaii,*
727 F.3d 911 (9th Cir. 2013)………………………..……………13, 15

*Amanda j. v Clark County School District,*
267 F.3d 877 (2001)………………………………..…………………10

*ARC Ecology v. U.S. Dep't of Air Force,*
411 F.3d 1092, 1096 (9th Cir. 2005)……………………….……………..6

*.Ashcroft v. Iqbal,*
556 U.S. 662 (2009)…………………………………………………….6

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544, 570 (2007…………………………………………………..6

*Doe v. United States,*
419 F.3d 1058, 1062 (9th Cir. 2005)…………………………………………..6

*Horton v Collins,*
505 F. 3d 874…………………………………………………………..13

*Moyo v. Gomez,*
32 F.3d 1382, 1384 (9th Cir. 1994)……………………………………….6

*Starr v. Baca,*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)

652 F.3d 1202, 1216 (9th Cir.2011)………………………………………………6

*Tripati v. Henman,*
(9th Cir. 1988) 857 F.2d 1366, 1367………………………………………...12

*Usher v. City of Los Angeles,*
828 F.2d 556, 561 (9th Cir. 1987)………………………...…………………7


**Federal Statutes**

20 U.S.C. § 1415(o)……………………………………………..……….15

FRCP 12(b)(6)……………………………………………..……….9, 17

**Federal Regulations**

34 C.F.R 300.514(a)………………………………………..……...16

34 C.F.R 300.518(d)………………………………………..……...16

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)

## I.  INTRODUCTION

OAH decided against Plaintiffs on November 24, 2020 in consolidated OAH cases 2019080542, 2020040245, and 2020010465 in issues regarding the 2016-2017 school year.  Plaintiffs timely filed for review of this administrative decision on February 22, 2021, and that complaint for review of the administrative decision is now before this Court as case 5:21-cv-00326-JGB-KK.

Meanwhile, in order to plead issues related to the 2018-2019 school year, Plaintiffs also filed another OAH case in September 2020, which OAH denominated case 2020090375. After the OAH decision of November 24, 2020, Defendants filed a motion on December 15, 2020 to dismiss 2020090375 on the basis of collateral estoppel, also called issue preclusion, arguing that because the OAH decision of November 24, 2020 was the final administrative determination, the issues were finally adjudicated and therefore subject to collateral estoppel.

Plaintiffs argued that the determination was not yet final, even though it was the final administrative determination, because the case was still subject to review in court.  OAH agreed with Plaintiffs that its decision was the final determination in the case and granted Defendant's motion, denying reconsideration on January 7, 2021.

Indeed the determination was and is not final, because review of consolidated OAH cases 2019080542, 2020040245, and 2020010465 was and is not final. Review of that decision is presently before this Court as 5:21-cv-00326-JGB-KK.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)

More important, the issues in the first case related to school year 2016-2017, and the new case addresses only issues related to the 2018-2019 school year.

## II. THE LEGAL STANDARD

When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. See *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *ARC Ecology v. U.S. Dep't of Air Force*, 411 F.3d 1092, 1096 (9th Cir. 2005); *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require

the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.2011).

Moreover, a court must "draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

## III. FACTUAL BACKGROUND

OAH decided against Plaintiffs on November 24, 2020 in consolidated OAH cases 2019080542, 2020040245, and 2020010465 in issues regarding the 2016-2017 school year.  Plaintiffs timely filed for review of this administrative decision on February 22, 2021, and that complaint for review of the administrative decision is now before this Court as case No. 5:21-cv-00326-JGB-KK.[1]

Meanwhile, Plaintiffs also filed another OAH case in September 2020, which OAH denominated case 2020090375. After the OAH decision of November 24, 2020, Defendants filed a motion on December 15, 2020 to dismiss 2020090375 on the basis of collateral estoppel, also called issue preclusion, arguing that because the OAH decision of November 245, 2020 was the final administrative determination, the issues were finally adjudicated and therefore subject to collateral estoppel.

_____

[1]The case when first filed was designated 2:21-cv-06144.  The court then reassigned it to Judge Bernal as  5:21-cv-00326-JGB-KK

8

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)

Collateral estoppel requires that the issues be identical.  Plaintiffs and the ALJ appear to have taken the position that the issues in the 2018-2019 school year are identical to those adjudicated by OAH in the 2016-2017 school year, two years before.

The ALJ also held that student became ineligible for special education forever when parent refused District assessment in 2016, and that she was therefore barred from ever again referring her daughter for special education assessment – thus precluding issues being raised regarding the 2018-2019 school year.

Plaintiffs also argued that the determination was not yet final, even though it was the final administrative determination, because the case was still subject to review in court.  OAH agreed with Defendant that its decision was the final determination in the case and granted Defendant's motion, denying reconsideration on January 7, 2021.

Indeed the determination was and is not final, because review of consolidated OAH cases 2019080542, 2020040245, and 2020010465 was and is not final. Review of that decision is presently before this Court as case 2:21-cv-06144-JGB.

Defendant has moved to dismiss under FRCP 12(b)(6), failure to state a claim. This appears to be based on the application of collateral estoppel, which in turn rests upon disputed factual and legal conclusions .  These include Defendant's assertions that Plaintiffs' claims regarding the 2018-1019 school year are identical to those adjudicated for the 2016-2017 school year, and being exited from special education forever barred later referral for initial assessment.

9
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)

## IV.  THE COMPLAINT STATES A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### A. This Court has jurisdiction to review the ALJ's legal conclusions and mixed conclusions of fact and law de novo.

It is well-settled that a district court reviews an ALJ's legal conclusions and mixed questions of law and fact de novo.  *Amanda j. v Clark County School District*, 267 F.3d 877 (2001).  As this Court itself has stated before,  in keeping with such precedent, "This Court has jurisdiction to review OAH decisions for errors of law."

### B. On the facts alleged, there can be no collateral estoppel.

### 1.  Collateral estoppel requires identical issues, and the issues in the 2018-2019 and 2016-2017 school years are not identical.

Issues to be precluded must be identical to those decided in a prior case.  It is not settled that the issues in the 2018-2019 school year are identical to those adjudicated in the 2016-2017 school year.  This Court or another could reach that finding conclusively, but for this motion to dismiss, Plaintiffs' well-pled allegations that they are not identical must be taken as true.  On the faces of the complaints, they are clearly not identical, and because a student and her educational issues are unlikely to remain unchanged for two years, that could hardly be expected.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)

**2.  Defendant's motion depends on the disputed factual allegation that Plaintiff refused District assessment in 2016, and on the incorrect legal conclusion that such refusal forever barred S.L. from the right to future special education assessment and eligibility.**

Plaintiffs' complaint alleges that the Administrative Law Judge (ALJ) misapplied the law (Complaint ¶ 14) by finding that the Parent's alleged refusal to consent to an evaluation related to the 2016-2017 school year not only exits a student from special education, but bars that student from special education eligibility forever thereafter.

That legal conclusion is plainly erroneous.  Even an explicit revocation of special education acts to exit a student from special education only until a subsequent referral for assessment, which constitutes an initial assessment. OSEP Letter to Cox (2009).

Defendant's motion explicitly relies on this erroneous legal conclusion, quoting the ALJ's order stating that S.L. "was not eligible for special education and related services after June 30, 2017, and was not entitled to a FAPE from [the District] thereafter." when the law is clear that a subsequent referral for initial assessment does trigger the agency's duty to conduct it.

Accordingly, whether or not S.L. became ineligible through refusal to consent to assessment, nothing about her future status was thereby settled. Failing to acknowledge any of this, the ALJ denied the parent any opportunity to try before a fact-finder all these questions regarding the 2018-2019 school year.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)

Defendant's Motion to Dismiss contends that Plaintiffs, "failed to allege specific facts regarding how a speculative referral for an assessment for S.L. would require a reversal of the OAH Order" (Dkt. No. 10, p. 11). The Parent's requests for assessments related to the 2018-2019 school year were not speculative.  Those requests were made, as Plaintiffs can and will prove at hearing. This Court can grant relief by reversing the improper dismissal and remanding the case to OAH to be heard.

Because Defendant's motion relies on Defendant's own view of the facts, and this erroneous view of the law, its motion must be denied so that the facts can be tried, and the legal issues evaluated, by this Court.

**3.  Defendant's authorities applying collateral estoppel while a matter is on appeal are off-point in relation to IDEA cases ; on-point Ninth Circuit authority is to the contrary..**

Defendant cites to *Tripati v. Henman* (9th Cir. 1988) 857 F.2d 1366, 1367 to argue that issue preclusion applies before the final disposition of a case on appeal. The court's reasoning is highly relevant.  Tripati had filed an appeal of the district court's judgment in his case.  While that appeal was before the Ninth Circuit, he filed essentially the same case again in the district court.  The risk of endless refilings that the Ninth Circuit alluded to was obvious.  Here, by contrast, Plaintiffs' new case relates to issues two school years away from those addressed in the previously adjudicated case   Endless refilings and other such problems are not at issue, while the complications involved in upholding OAH's finding of

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)

collateral estoppel if the 2020 OAH decision is wholly or partly reversed will be considerable – even assuming that the issues are really identical and have really been already adjudicated.

In *Horton v Collins*, 505 F. 3d 874, cited by Defendant, at issue was "offensive non-mutual collateral estoppel" in an arbitration case.  The standard of review in an arbitration case is much different from that in under IDEA, and this case concerns defensive, not offensive, estoppel.  Defendant has not tried to show how *Horton* actually applies here.

Moreover, the Ninth Circuit has shed some light on this case through the rather similar *A.D. v Hawaii*, 727 F.3d 911 (9th Cir. 2013).   At issue was whether A.D. was entitled to stay put on his case, keeping him at Loveland Academy, although Hawaii's new Act 163 had reduced the age of eligibility to 20.  The *A.D.* court held that A.D.'s stay put placement held until the validity of Act 163 was resolved.  Even though there had been a final administrative adjudication in A.D.'s case, and decision upheld Act 163, his stay put remained in effect, even after Act 163 was ultimately upheld.

Stay put – an automatic injunction – remains in effect regardless of the underlying case, whatever the administrative decision may be.  This indicates that at least to that extent collateral estoppel does not hold in IDEA cases as it does in others..  This is a critical difference between IDEA cases and other reviews of administrative findings.

In particular, the *A.D.* court wrote, "The DOE invites us to prejudge the merits of A.D.'s case by accepting the premise that Act 163 strips A.D. of his procedural

13

rights under the IDEA. Accepting that premise would subvert the purpose of the stay-put provision, which is to protect students from changes to their educational programs when there is a dispute over the lawfulness of the changes."

Here, Defendant invites this Court to prejudge the outcome in case 5:21-cv-00326-JGB-KK to strip S.L. of her right to have her claims for the 2018-2019 school year heard and adjudicated.

**4.  Defendant alleges, but does not show, that Plaintiffs' appeal of this OAH dismissal is somehow barred by Plaintiffs' ongoing appeal of the earlier case.**

Defendant claims that appealing OAH's dismissal of OAH Case No. 2020090375 in this federal court action (Case No. 5:21-cv-00556-JGB-KK) is somehow barred because "there already is a pending federal court action in Case No. 5:21-cv-00326-JGB-KK requesting a partial reversal of the OAH Decision" (Dkt. No. 10, p. 11 ln 6-12).  There are two separate appeals on two separate OAH cases.

No. 5:21-cv-00326-JGB-KK seeks reversal of OAH Case Nos. 2019080542, 2020040245, and 2020010465 while Case No. 5:21-cv-00556-JGB-KK seeks to reverse OAH's decision to dismiss Plaintiff's Due Process Complaint without a hearing, in OAH Case No. 2020090375.  The issues in the two appeals are different.  Defendant failed to cite any legal authority that would show Plaintiff cannot appeal each of the two distinct OAH decisions.

**5 The IDEA statute explicitly limits issue preclusion in administrative due process hearings.**

Ordinarily, res judicata precludes re-litigating issues that were *or could have been* raised in a prior proceeding.  But in 20 U.S.C. § 1415(o), IDEA explicitly states that "Nothing in this section shall be construed to preclude a parent from filing a separate due process complaint on an issue separate from a due process complaint already filed."  This provision distinguishes this IDEA case from other non-IDEA cases that purport to preclude a parent from filing a due process complaint on new issues.  The court should examine the facts in this case in view of this provision, rather than dismissing Plaintiffs' case without considering the facts and law involved in this specific IDEA case.

Stay put – an automatic injunction – remains in effect regardless of the underlying case, whatever the administrative decision may be.  This indicates that at least to that extent collateral estoppel does not hold in IDEA cases as it does in others..  This is a critical difference between IDEA cases and other reviews of administrative findings.

In particular, the *A.D.* court wrote, "The DOE invites us to prejudge the merits of A.D.'s case by accepting the premise that Act 163 strips A.D. of his procedural rights under the IDEA. Accepting that premise would subvert the purpose of the stay-put provision, which is to protect students from changes to their educational programs when there is a dispute over the lawfulness of the changes."

Here, Defendant invites this Court to prejudge the outcome in case 5:21-cv-00326-JGB-KK to strip S.L. of her right to have her claims for the 2018-2019 school year heard and adjudicated.

**6.  The finality of IDEA administrative decisions is conditioned on appeal, and is immediately enforceable only if the hearing officer finds for the parent, as is not the case here.**

34 C.F.R 300.514(a) reads as follows:

> (a) Finality of hearing decision. A decision made in a hearing conducted pursuant to §§300.507 through 300.513 or §§300.530 through 300.534 is final, *except that any party involved in the hearing may appeal the decision* under the provisions of paragraph (b) of this section and §300.516. [emphasis added]

A decision in favor of the parent constitutes an agreement by the parent and the SEA regarding stay put, and is therefore immediately enforceable.  34 C.F.R. 300.518(d) reads as follows:

> (d) If the hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents for purposes of paragraph (a) of this section.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)

1    This implies that in other situations this does not apply.

2

3                              **CONCLUSION**

4        The facts alleged and supported by Plaintiffs show that a motion to dismiss

5    under FRCP 12(b)(6) is not proper in this case.  Taking all well-pled facts into

6    account, Defendant has not shown that the case should be dismissed.  The case

7    should be heard, so that the Court can determine whether to remand it to OAH for

8    further proceedings, as Plaintiffs believe it should be.

9

10

11   Dated: August 2, 2021            LIBERTY LAW GROUP

12                                    By: /s/  *Michael T. Stoller*

13                                    MICHAEL. T. STOLLER
14                                    Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24                                   17
                 PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)
25

26

27

28