FAGEN FRIEDMAN & FULFROST, LLP
Christopher J. Fernandes, SBN 204844
cfernandes@f3law.com
Joshua M. Walden, SBN 325296
jwalden@f3law.com
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Phone: 760-304-6000
Fax: 760-304-6011

Attorneys for Upland Unified School District

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| RITA LOOF AND S.L.,<br><br>Plaintiffs,<br><br>vs.<br><br>UPLAND UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | CASE NO. 5:21-cv-00556-JGB-(SPx)<br><br>**DEFENDANT UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>Date:      August 23, 2021<br>Time:     9:00 a.m.<br>Crtrm.:   1<br>Judge:    Hon. Jesus G. Bernal<br><br>Trial Date:     None Set |

Defendant Upland Unified School District ("Defendant" or "District") respectfully files this Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint ("Opposition").

/ / /
/ / /
/ / /
/ / /

1

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

# I.     ARGUMENT

In Plaintiffs' Opposition to the Defendant's Motion to Dismiss ("Opposition"), Plaintiffs repeatedly assert conclusory statements that are not supported by articulable facts identified in the Complaint and make arguments outside of the four corners of the Complaint.  Plaintiffs failed to state a claim for relief that is plausible on its face.

## A.     Plaintiffs' Opposition Attempts to Expand the Issues Identified in the Complaint.

Plaintiffs contend that it "is not settled that the issues in 2018-2019 school year are identical to those adjudicated in the 2016-2017 school year."[1]  Further, Plaintiffs contend that the "Court or another could reach that finding conclusively, but for this motion to dismiss, Plaintiffs' well-pled allegations that they are not identical must be taken as true."[2]  Now, in Plaintiff's Opposition, Plaintiffs attempt to expand the issues in the Complaint and those new allegations are not appropriate for an Opposition.  In the Complaint, Plaintiffs identified the following factors in order for the court to apply the doctrine of collateral estoppel:

1.     The issue to be precluded must be identical to that decided in the prior proceeding;

2.     The issue must have been actually litigated at that time;

3.     The issue must have been necessarily decided;

4.     The decision in the prior proceeding must be final and on the merits; and

5.     The party against whom preclusion is sought must be in privity with the party to the former proceeding.[3]

Plaintiffs did not cite to any legal authority in support of the above-referenced

---

[1] Opposition, p. 10.
[2] *Id.*
[3] Complaint, p. 3.

Case No. 5:21-cv-00556-JGB-(SPx)

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1   factors test.[4]   Further, Plaintiffs identified only "two ways" in which OAH allegedly
2   erred in its Order, neither of which considered the alleged misapplication of the first
3   factor, as numbered above.[5]   Now, in the Opposition, Plaintiffs, having recognized
4   the lack of a cognizable legal theory, attempt to recharacterize and expand upon the
5   issues articulated in the Complaint.

6        Plaintiffs failed to identify such a legal theory related to the first factor, as
7   numbered above, and, instead, relied on conclusory statements in the Opposition,
8   which are not entitled to a presumption of truth.[6]   The Complaint does not give the
9   Defendant fair notice of what the claim is and the grounds upon which it rests
10  because Plaintiffs did not plead this specific allegation in the Complaint.[7]

11       Plaintiff's "well-pled" allegations failed to support this new legal theory from
12  the Opposition with any facts alleged in the Complaint.[8]   Plaintiffs failed to identify
13  any "facts of the complaints" and relied entirely on the conclusion that the issues are
14  "clearly not identical" and that "a student and her educational issues are unlikely to
15  remain unchanged."[9]

16       **B.     Plaintiffs Failed to Articulate Sufficient Facts Under a Cognizable**
17            **Legal Theory.**

18       In the Opposition, Plaintiffs concede that they are inappropriately challenging
19  the "finding that the Parent's alleged refusal to consent to an evaluation related to
20  the 2016-2017 school year not only exits a student from special education, but bars
21  that student from special education eligibility forever thereafter."[10]   That finding is
22  from the OAH Decision, for which there is already a separate pending appeal

23

24  _____
    [4] *Id.*
25  [5] *Id.*
    [6] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 679 (2007).
26  [7] *See id.* at 555 (2007).
27  [8] Opposition, p. 10.
    [9] *Id.*
28  [10] *Id.* at p. 11.

UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1  requesting partial reversal.[11]  As discussed in the Defendant's Motion, any challenge

2  to the OAH Decision is inappropriate and duplicative of the pending appeal in in

3  Case 2:21-cv-06144.

4          Even assuming, *arguendo*, that Plaintiffs may challenge the OAH Decision in

5  the Complaint, Plaintiffs' contentions are not correct.  Plaintiffs cite to *Letter to Cox*

6  (OSEP 2009) 110 LRP 10357 to support their contention that a subsequent referral

7  for an initial assessment would imply an error on OAH's part in the OAH Order.

8          In *Letter to Cox*, the United States Department of Education's Office of

9  Special Education Programs ("OSEP") responded to an inquiry regarding what

10  school districts must do when parents, both with legal authority to make educational

11  decisions for their child, disagree on the revocation of consent for special education

12  and related services.[12]  OSEP opined that once a parent revokes consent, the school

13  district must provide prior written notice, cease providing the services, and treat a

14  subsequent assessment request by either parent as a request for an initial

15  assessment.[13]

16          Unlike *Letter to Cox*, there was no "subsequent referral for initial assessment"

17  as S.L. "was not eligible for special education and related services after June 30,

18  2017, and was not entitled to a FAPE from [the Defendant] thereafter."[14]  In the

19  OAH Decision, OAH considered the alleged request for assessments from Plaintiffs

20  during the 2018-2019 school year.[15]  Specifically, OAH noted the following request:

21          Mother wrote to [the Defendant] again on May 14, 2019, near the end of
22          the 2018-2019 school year, stating again her "consent to a thirty (30)
           minute observation by district staff (two maximum so as not to disrupt
23          [S.L.'s] instruction) at the Lindamood-Bell clinic in Upland."  However,
24          [S.L.] was actually no longer receiving services from Lindamood-Bell as

25  _____

[11] *See* Docket Report, Case No. 5:21-cv-00326-JGB-KK, attached as Exhibit 6 to
26  Defendant's Motion.
[12] *Letter to Cox* (OSEP 2009) 110 LRP 10357.
27  [13] *Id.*
[14] *See* OAH Decision, p. 127, attached as Exhibit 2 to Defendant's Motion.
28  [15] *Id.* at p. 126.

UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

of 2017.  Mother also "reiterate[d] [her] consent for assessments and previous requests for Independent Evaluations."  The reiteration was not a new, full, unconditional consent to the triennial evaluation [the Defendant] had proposed three times earlier, and repeatedly since then.  Mother's letter was a reference to and carried with it all the prior caveats, limitations, and requirements Mother had previously stated, which vitiated any purported consent.[16]

In the OAH Order, OAH determined that the "complaint's only reference to requests for assessments in 2018 or 2019 involved Parent's requests made in June and July of 2018."[17]

As discussed in the Motion, Plaintiffs failed to specify the date of any subsequent referral for an initial assessment because no such referral exists.  In the Complaint, Plaintiffs allege that S.L. "could always have been referred again for [a] special education assessment."   Plaintiffs failed to include "sufficient factual enhancement to cross the line between possibility and plausibility."[18]  Now, in the Opposition (contrary to the claims in the Complaint), Plaintiffs allege that "[t]hose requests were made, as Plaintiffs can and will prove at hearing."[19]  Yet, once again, Plaintiffs failed to specify the date of any such referral for an initial assessment nor did Plaintiffs support their opposition with a declaration under the penalty of perjury.  Further, Plaintiffs cannot now add these new allegations in an amended Complaint because they contradict the previously asserted claims.

## C.   Defendant's Authority Is On Point and Plaintiffs Attempt to Mislead the Court By Articulating Otherwise.

Although Plaintiffs contend that "Defendant's authorities . . . are off-point in relation to IDEA cases," Plaintiffs concede that the "court's reasoning" in *Tripati* is

---

[16] *Id.* at 120.

[17] OAH Order, p. 6, attached as Exhibit 5 to Defendant's Motion, *citing* Due Process Complaint, attached as Exhibit 1 to Defendant's Motion.

[18] *Buckley v. BMW N. Am.*, cv-19-1255, 2019 WL 6465509, at *7 (C.D. Cal. Dec. 2, 2019).

[19] Opposition, p. 12.

Case No. 5:21-cv-00556-JGB-(SPx)

UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1  "highly relevant."[20]  Defendant agrees with Plaintiffs' concession.

2      In *Tripati*, the plaintiff filed a complaint ("action # 1") against federal prison

3  officials, which the district court dismissed in granting the defendants' cross-motion

4  for summary judgment.[21]  The plaintiff appealed the dismissal of action # 1.[22]  The

5  plaintiff filed a "nearly identical" complaint, naming many of the same defendants

6  ("action # 2").[23]  The district court dismissed action # 2 in granting the defendants'

7  motion for summary judgment on the basis that the plaintiffs' claims were precluded

8  by the court decisions in action # 1.[24]  The United States Court of Appeals, Ninth

9  Circuit determined that the district court correctly held that the claims in action # 2

10  were precluded by the court's decision in action # 1.[25]

11      The United States Court of Appeals, Ninth Circuit determined that to deny

12  preclusion of a final judgment pending the decision of the appeal "would lead to an

13  absurd result: Litigants would be able to refile identical cases while appeals are

14  pending, enmeshing their opponents and the court system in tangles of duplicative

15  litigation."[26]  Further, the United States Court of Appeals, Ninth Circuit opined that

16  to "deny action # 1's preclusive effect while [plaintiff's] motion is pending would

17  enable him to simultaneously maintain two identical claims in the same district

18  court."[27]

19      Here, similar to *Tripati* and contrary to Plaintiffs' contentions, Plaintiffs have

20  attempted to enmesh the District and this Court in tangles of duplicative litigation

21

22

23  _____

24  [20] Opposition, p. 12.
   [21] *Tripati v. Henman* (9th Cir. 1988) 857 F.2d 1366, 1367

25  [22] *Id.* at 1366-67.
   [23] *Id.* at 1367.

26  [24] *Id.*
   [25] *Id.* at 1367-68.

27  [26] *Id.*
   [27] *Id.*

28

UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

regarding the 2018-2019 school year.[28]  Plaintiffs contend that their "new case relates to issues two school years away from those addressed in the previously adjudicated case."[29]  That contention is incorrect.  In the Decision, importantly, OAH determined, among other things, that Defendant prevailed on issue 17 and that "Student was not entitled to a [free, appropriate public education] from [Defendant] during the 2017-2018 and 2018 2019 [*sic*] school years after Parents refused to consent to the September 30, 2016, and October 24, 2016 assessment plans."[30]  In the OAH Order, OAH made a determination related to alleged "denials of a free, appropriate public education referred to as a FAPE, for violations on the part of [the Defendant] for failing to convene individualized education program, called an IEP, team meetings, and to provide [S.L.] an annual offer of FAPE with transition assessment and services for the 2018-2019 school year and extended school year."[31]

Plaintiffs erroneously represent that "[e]ndless refilings and other such problems are not issue."[32]  OAH found to the contrary.  Similar to *Trepati*, OAH determined that the Due Process Complaint was already litigated by the parties as identified in the OAH Decision.[33]  In order for Plaintiffs to prevail on the issues in the Due Process Complaint, OAH determined that they "would need to establish that [Defendants] had a duty to provide [S.L.] a [free, appropriate public education] during the 2018-2019 school year.  That question was answered in the November 24, 2020 Decision.  [Defendant's] defense that it was not obligated to provide

---

[28] *See* Ex. 6 to Defendant's Motion.  In the OAH Decision, OAH referenced "a lengthy history of disagreement with [Defendant] regarding Student's educational needs."  *Id.* at 17.  OAH also referenced four separate due process complaints filed by Plaintiffs against the District, including OAH Case Nos. 2017090290, 2018110087, 2019080542, and 2020040245.  *See id.* at pp. 1, 2, 8, and 92.
[29] Opposition, p. 12.
[30] *See* Ex. 2, p. 126,  attached to Defendant's Motion.
[31] Ex. 4, p. 4, attached to Defendant's Motion.
[32] Opposition, p. 12.
[33] Ex. 4, p. 5, attached to Defendant's Motion.

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1  Student a [free, appropriate public education] for the 2018-2019 school year was
2  litigated between the parties and OAH issued a final judgment finding that [S.L.]
3  was not entitled to a [free. appropriate public education] from [Defendants] after
4  June 30, 2017."[34]

5         In addition, contrary to Plaintiffs' contention, *Tripati* is not "off-point in
6  relation to IDEA cases."  In fact, OAH has previously applied collateral estoppel in
7  due process matters and specifically cited to *Tripati.*  In *Bellflower Unified School*
8  *District*, the parties involved in the matter originally participated in a due process
9  hearing and OAH issued a decision in OAH Case No. 2017050338.[35]  The school
10 district appealed OAH Case No. 2017050338 to the United States District Court,
11 Central District of California, on January 3, 2018.  The appeal was pending at the
12 time of the second due process hearing.[36]  The school district did not timely comply
13 with the orders in OAH Case No. 2017050338, based on its position that it was not
14 required to do so while the appeal was pending.[37]

15        OAH determined that the school district's pending appeal of the decision did
16 not excuse it from complying with the remedies ordered in the decision and was not
17 a valid justification for the District's failure to comply.[38]  OAH specifically cited to
18 *Tripati* for the proposition that a "final judgment retains its collateral estoppel effect,
19 if any, while pending appeal."[39]  OAH also specifically cited to *Collins*, for the
20 proposition that the "Ninth Circuit Federal Court of Appeals has held that the
21 benefits of giving a judgment preclusive effect pending appeal outweigh any risks of
22 a later reversal of that judgement."[40]  OAH determined that the school district

23 _____

24 [34] *Id.*

   [35] *Bellflower Unif. Sch. Dist.* (OAH 2019) Case No. 2018071234.

25 [36] *Id.*

26 [37] *Id.*

   [38] *Id.*

27 [39] *Id.*

28 [40] *Id. citing Collins v. D.R. Horton, Inc.* (9th Cir. 2007) 505 F.3d 874, 882-83, citing
   *Tripati, supra,* 857 F.2d at p. 1367.

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1  denied the student a free, appropriate public education by failing to comply with the

2  order in OAH Case No. 2017050338, which was a final judgment despite the

3  existence of a pending appeal.[41]

4      In the Opposition, Plaintiffs appear to inappropriately analogize the

5  application of stay put to the doctrine of collateral estoppel to explain that

6  "collateral estoppel does not hold in IDEA cases as it does in others."[42]  The IDEA

7  and the California Education Code include various procedural safeguards.[43]  Either a

8  parent or a school district may file a request for a due process hearing over a

9  proposal or refusal to initiate or change the identification, assessment, or educational

10  placement of a child or the provision of a FAPE to the child.[44]  Among the

11  procedural safeguards are the rights to an impartial due process hearing, to present

12  evidence, confront and compel the attendance of witnesses, to be provided a written

13  or electronic record of the hearing, and to be present with counsel.[45]  In addition,

14  federal and state special education laws provide that during the pendency of a due

15  process proceeding, a special education student shall remain in his or her "current

16  educational placement," unless the parents and the school district agree otherwise.[46]

17  This provision is commonly referred to as "stay put."[47]

18      In the Opposition, Plaintiffs have failed to establish how the stay put

19  provision of the IDEA limits the application of the doctrine of collateral estoppel in

20  due process matters.  Rather, Plaintiffs presume such a limitation.  Plaintiffs rely

21  solely on speculation and conclusory statements.

22      Plaintiffs also cite to *A.D. ex rel. L.D. v. Hawaii Department of Education*

23

---

24  [41] *Bellflower Unif. Sch. Dist., supra.*

25  [42] Opposition, p. 13.

26  [43] 20 U.S.C. § 1415; Cal. Educ. Code §§ 56500 *et seq.*

   [44] 20 U.S.C. § 1415(b)(6); Cal. Educ. Code § 56501(a).

27  [45] 20 U.S.C. § 1415; Cal. Educ. Code § 56505.

   [46] 20 U.S.C. § 1415(j); Cal. Educ. Code § 56505(d).

28  [47] *Thomas v. Cincinnati Bd. of Educ.*, 918 F.2d 618, 625 (6th Cir. 1990).

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1   (9th Cir. 2013) 727 F.3d 911 to support their contention that "collateral estoppel

2   does not hold in IDEA cases as it does in others."[48]  Student's characterization of

3   *A.D.* is not correct nor does it apply to this case.

4   In *A.D.*, the Hawaii Department of Education issued a formal notice to a

5   student informing him that the special education placement and services offered in

6   his IEP would terminate when he turns 20 based on a state imposed age limit.[49]  At

7   that time, student attended a private school at public expense.[50]  In response to the

8   formal notice, the student filed for due process challenging the Department's

9   decision.[51]  The student also filed a motion for stay put seeking an order that the

10   Department be obligated to pay his private school tuition during the pendency of the

11   legal proceeding.[52]  The court addressed whether stay put provisions applied to a

12   student who, under state law, had aged out of special education.[53]

13   Defendant does not dispute that a final court order that the parties do not

14   appeal serves as a valid determination of placement only for purposes of "stay put"

15   in the event that a party disputes placement again at a later point.[54]  In *Letter to*

16   *Spindler*, OSEP stated that if parents subsequently initiate a due process proceeding

17   after a district court has affirmed an administrative proceeding that deemed that the

18   school district's proposed placement is appropriate, then the student's stay put

19   placement would be the placement affirmed by the district court if not appealed.

20   Therefore, for stay put purposes only, a final and unappealed district court order is a

21   final order.[55]  The pendent placement in which a student must thus stay put in a

22

23   [48] Opposition, p. 13.

24   [49] *A.D. ex rel. L.D. v. Hawaii Department of Education* (9th Cir. 2013) 727 F.3d 911.

25   [50] *Id.* at 913.

26   [51] *Id.*
     [52] *Id.*

27   [53] *Id.* at 916.
     [54] *Letter to Spindler* 18 IDELR 1038 (April 21, 1992).

28   [55] *Id.*

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1  subsequent dispute is the placement upheld by a final unappealed district court

2  order.[56]

3      Unlike *A.D.,* this matter involves the appeal of the OAH Order, which is not

4  an appeal seeking a valid determination of placement for purposes of "stay put."  In

5  the Opposition, Plaintiffs fail to provide any factual showing or legal analysis to

6  establish that the procedural safeguards under the IDEA and the California

7  Education Code even extended to S.L.  Indeed, in the OAH Order, OAH

8  acknowledged that the Defendant "had no further duty after June 30, 2017, to offer

9  or provide Student a free, appropriate public education, to convene IEP team

10  meetings, or otherwise afford [S.L.] most of the rights available to students with

11  disabilities under the IDEA and related state law."[57]  Plaintiffs fail to provide any

12  factual showing or legal analysis to establish to the contrary.

13      **D.      Plaintiffs Concede that the Order is a Final Decision.**

14      Plaintiffs concede that a "decision made in a hearing . . . is <u>final</u>, except that

15  any party involved in the hearing may appeal the decision."[58]  Defendant agrees

16  with Plaintiffs' concession.  As discussed in the Defendant's Motion, Plaintiffs

17  failed to cite any legal authority in support of their position that the OAH Decision

18  was not a "final judgement."  Plaintiffs failed to provide any legal authority

19  indicating that California Education Code section 56505, subdivision (h), cited in

20  the Defendant's Motion, was not on-point.

21      In the Opposition, Plaintiffs contend that the "finality of IDEA administrative

22  decisions . . . is immediately enforceable <u>only</u> if the hearing officer finds for the

23  parent."[59]  However, Plaintiffs fail to support such a limitation on the application of

24  a final decision with any legal authority in the Complaint and the Opposition.  Such

25

26  _____
    [56] *Cf. Drinker by Drinker v. Colonial Sch. Dist.* (3d Cir. 1996) 78 F.3d 859, 866.
27  [57] OAH Decision, p. 5.
    [58] Opposition, p. 16 (emphasis added).
28  [59] *Id.* (Emphasis added.)

UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1   a concession appears to be inconsistent with Plaintiffs' contention that the "finality

2   of IDEA administrative decisions is conditioned on appeal."[60]  Further, California

3   Education Code section 56505, subdivision (h) also states to the contrary, stating

4   that "[t]he hearing conducted pursuant to this section shall be the final

5   administrative determination and binding on all parties."[61]  Notably, California

6   Education Code section 56505 does <u>not</u> state that a final administrative

7   determination is binding <u>only</u> on the District.[62]

8   **II.    CONCLUSION**

9        Based on the foregoing, Plaintiffs' Complaint lacks a cognizable legal theory

10  and does not allege sufficient facts under a cognizable legal theory.  Plaintiffs

11  cannot allege sufficient facts in an amended complaint to address any deficiencies.

12  Consequently, at this time, dismissal without leave to amend is warranted.

13

14  DATED:  August 9, 2021            FAGEN FRIEDMAN & FULFROST, LLP

15

16

17                                   By:      */s/ Christopher J. Fernandes*
                                          _____
18                                          Christopher J. Fernandes
                                            Joshua M. Walden
19                                          Attorneys for Upland Unified School
                                            District
20

21  368-361/6156143.1

22

23

24

25

26

27  _____
    [60] *Id.*
28  [61] Cal. Educ. Code, § 56505, subd. (h).
    [62] *See id.* (Emphasis added.)

                                         12                Case No. 5:21-cv-00556-JGB-(SPx)