UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 21-556 JGB (SPx)** | Date | September 10, 2021 |
| Title | *Rita Loof, et al. v. Upland Unified School District* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Defendant's Motion to Dismiss (Dkt. No. 10); and (2) VACATING the September 13, 2021 Hearing (IN CHAMBERS)

Before the Court is a motion to dismiss filed by Defendant Upland Unified School District. ("Motion," Dkt. No. 10.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court GRANTS Defendant's Motion. The September 13, 2021 hearing is VACATED.

**I.   BACKGROUND**

On March 30, 2021, Plaintiffs filed a complaint against Defendant Upland Unified School District ("District"), seeking reversal of an Office of Administrative Hearings ("OAH") order dismissing Plaintiffs' administrative complaint against the District. ("Complaint," Dkt. No. 1.) On July 19, 2021, Defendant filed the Motion, along with a request for judicial notice ("RJN," Dkt. No. 10-1).[1] On August 2, 2021, Plaintiff filed an opposition. ("Opposition," Dkt. No. 11.) Defendant replied on August 9, 2021. ("Reply," Dkt. No. 12.)

---

[1] Defendant requests judicial notice of six documents: (1) Plaintiffs' request for a due process hearing before the OAH in OAH Case No. 2018040273 (Sept. 11, 2020) ("OAH Complaint"); (2) November 24, 2020 OAH Decision in the consolidated matters involving Parent on Behalf of Student and Upland Unified School District, OAH Case Nos. 2019080542, 2020040245, and 2020010465 ("November 2020 Decision"); (3) Defendant's motion requesting judicial notice and application for collateral estoppel in OAH Case No. 2020090375 (continued . . . )

## II.   FACTUAL ALLEGATIONS

Plaintiff S.L. is a 23-year-old student with Specific Learning Disabilities.  (Compl. ¶ 4.)  Plaintiff Rita Loof is S.L.'s mother.  (Id. ¶ 5.)  As a student with Specific Learning Disabilities, S.L. was eligible for special education throughout her entire school career.  (Id. ¶ 4.)  During the 2018-2019 school year, S.L. was a student within the Upland Unified School District area and was well under 22 years old, the cut-off age for special education.  (Id.)

On September 11, 2020, Rita Loof filed a request for a due process hearing with the Office of Administrative Hearings ("OAH") on behalf of S.L. concerning special education services for the 2018-2019 school year.  (Id. ¶ 7.)  On December 15, 2020, Defendant filed a motion with OAH requesting dismissal of Plaintiffs' complaint on the basis of collateral estoppel.  (Id.)  Defendant pointed to an OAH decision issued on November 24, 2020, which consolidated other OAH cases involving the Student and the District (Cases 2019080542, 2020040245, and 2020010465), and dismissed Plaintiffs' claims.  (Id.)  Plaintiffs opposed the motion to dismiss, arguing that the November 2020 Decision was not final, and was still subject to appeal.  (Id. ¶ 8.)

On December 30, 2020, the administrative law judge ("ALJ") granted Defendant's motion to dismiss on the ground of collateral estoppel.  (Id. ¶ 9.)  Plaintiffs filed a motion for reconsideration on January 7, 2021, which the ALJ denied on January 8, 2021.  (Id.)

Plaintiffs assert that with the OAH denial of reconsideration, they have exhausted their administrative remedies.  (Id. ¶ 10.)

## III.   LEGAL STANDARD

Defendant seeks to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  Rule 12(b)(6) provides that a party may bring a motion to dismiss for failure

---

(Dec. 15, 2020); (4) Plaintiffs' opposition to the District's application for collateral estoppel in OAH Case No. 2020090375 (Dec. 22, 2020); (5) December 30, 2020 OAH "Order Granting Request for Official Notice of the November 24, 2020 Decision and Granting Motion to Dismiss Issues Barred by Collateral Estoppel and Non-IDEA Claims" in OAH Case No. 2020090375 ("December 2020 Order"); and (6) the civil docket in related case Loof, et al. v. Upland Unified School District, Case No. 5:21-cv-00326-JGB-KK.  Plaintiffs do not oppose the RJN.  The Court finds that it may properly take judicial notice of all such public records and documents.  See Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (holding that courts may properly take judicial notice of public documents in other court proceedings); Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under [Federal Rule of Evidence] 201, the court can take judicial notice of [p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies.") (internal quotations omitted).  The Court thus GRANTS the RJN and takes judicial notice of the documents.

to state a claim upon which relief can be granted. Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a). Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Horosny v. Burlington Coat Factory, Inc., 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. See Doe v. U.S., 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Despite this liberal standard, leave to amend may be denied if amendment would be futile to rectify the deficiencies in a pleading. Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).

//

## IV. DISCUSSION

Defendant moves to dismiss this action, arguing that the OAH correctly applied collateral estoppel to dismiss Plaintiffs' administrative complaint for violations of the Individuals with Disabilities Education Act ("IDEA"). For the reasons described below, the Court agrees.

### A. Administrative Complaint and Decisions

The IDEA mandates that educational agencies provide a free and appropriate public education ("FAPE") that meets the unique needs of disabled children. Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 181 (1982). The IDEA contains various procedural safeguards to assure that schools meet these unique needs. Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1469 (9th Cir. 1993). The IDEA requires educational agencies to implement procedures which provide "[a]n opportunity to present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child[.]" 20 U.S.C. § 1415(b)(6). The parent or educational agency begins the process by filing a due process complaint. 20 U.S.C. § 1415(b)(6), (b)(7). The matter proceeds to a "due process hearing" before an impartial hearing officer. 20 U.S.C. § 1415(f)(1)(A). The hearing officer may order relief (such as requiring the educational agency to provide services to fulfill its obligations to provide a FAPE or to reimburse the parent for the cost of acquiring necessary services), or they may dismiss the complaint. 20 U.S.C. §§ 1401(22), 1412(a)(10)(C)(ii). The Court has jurisdiction to review such decisions for errors of law. Thomas v. Empire Springs Charter Sch., 2020 WL 2141826, at *3 n.4 (C.D. Cal. Jan. 22, 2020).

Pursuant to these processes, on September 11, 2020, Plaintiff Rita Loof filed a request for due process hearing with the OAH (Case No. 2020090375) to address complaints related to special education services during the 2018-2019 school year. (Compl. ¶ 7.) On December 30, 2020, the OAH dismissed Plaintiffs' administrative complaint on collateral estoppel grounds ("December 2020 Order"). The OAH administrative law judge held:

> OAH's November 24, 2020 Decision [("November 2020 Decision")] determined Student was no longer eligible for special education and related services after June 30, 2017, due to Parent's failure to consent to Upland Unified's triennial assessments. Furthermore, OAH found that Upland Unified had no further duty after June 30, 2017, to offer or provide Student a FAPE, to convene IEP team meetings, or otherwise afford Student most of the rights available to students with disabilities under the IDEA and related state law. The November 24, 2020 Decision further concluded that Parent's failure to consent afforded Upland Unified a complete defense to almost any claim Student might raise that Upland Unified denied her a FAPE after June 30, 2017, and in the 2017-2018 school year or thereafter.

> The doctrine of collateral estoppel applies to Student's Issues 1, 2, 6, 7, and 8. For Student to prevail on these issues, she would need to establish that Upland Unified had a duty to provide Student a FAPE during the 2018-2019 school year. That question was answered in the November 24, 2020 Decision. Upland Unified's defense that it was not obligated to provide Student a FAPE for the 2018-2019 school year was litigated between the parties and OAH issued a final judgment finding that Student was not entitled to a FAPE from Upland Unified after June 30, 2017. Accordingly, Student's Issues 1, 2, 6, 7, and 8, are barred by the doctrine of collateral estoppel and therefore, dismissed.

(Mot. Ex. 5 at 4-5.)  Plaintiffs' Complaint requests that the Court reverse the OAH's December 2020 Order.  Plaintiffs allege that the ALJ mistakenly applied collateral estoppel "although there is a pending case [challenging the November 2020 Decision], in which a final adjudication has not yet occurred; hence, the decision is not final."  (Compl. ¶ 14.)[2]  Defendant counters that, as the ALJ already held, collateral estoppel bars Plaintiffs' OAH complaint and this action.

### B. Collateral Estoppel

The doctrine of collateral estoppel "applies to a question, issue, or fact when four conditions are met: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits."  Oyeniran v. Holder, 672 F.3d 800, 806 (9th Cir. 2012) (citing Montana v. United States, 440 U.S. 147, 153–54 (1979)).  "Once an issue is actually litigated, the court's determination is conclusive in subsequent suits based on different causes of action."  Islam v. U.S. Dep't of Homeland Sec., 136 F. Supp. 3d 1088, 1091 (N.D. Cal. 2015).  Application of collateral estoppel enforces the axiomatic principle that "a losing litigant deserves no rematch after a defeat fairly suffered[ ]... on an issue identical in substance to the one he subsequently seeks to raise."  Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 107 (1991).

Plaintiffs appear to challenge the first and second factors.  (Opp'n at 9.)  In particular, Plaintiffs argue that the ALJ incorrectly held that the issues concerning the 2016-2017 and 2018-2019 school years were identical.  Plaintiffs also assert that review of the November 2020 Decision is presently before this Court in a related case, and it is therefore not final.  (Id.)  The Court addresses each argument in turn.

#### 1. Final Determination

Plaintiffs argue that the ALJ incorrectly applied collateral estoppel based on an earlier administrative determination (the November 2020 Decision) that was not final.  (Opp'n at 9.)  The Court disagrees.  "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose."  Astoria Fed. Sav., 501 U.S. at 107.  "The principle holds true when a court has resolved an issue, and should do so equally when the issue has been decided by an administrative agency, be it state or federal[ ]... which acts in a judicial capacity."  Id. at 108 (internal citations omitted).  As an initial matter, the Court notes that "[t]he OAH is an administrative agency and [the ALJ's November 2020] findings were clearly made in a judicial capacity to resolve disputed issues."  J.G. v. Los Angeles Unified Sch. Dist., 2020 WL 6565322, at *7 (C.D. Cal. Sept. 16, 2020).  Thus, the Court finds that the ALJ correctly considered the November 2020 Decision to be a final determination.  See Cal. Educ. Code § 56505(h) ("The hearing conducted pursuant to this

---

[2] While Plaintiffs identify this case under Case No. 2:21-cv-01644, this case is now designated 5:21-cv-00326-JGB-KKx.

section shall be the final administrative determination and binding on all parties.")

However, Plaintiffs counter that issue preclusion does not apply here because the November 2020 Decision is currently on appeal. As Plaintiffs point out, review of the November 2020 Decision is before this Court in the related Loof case (No. 21-cv-06144-JGB). Thus, Plaintiffs argue that the November 2020 Decision could not have preclusive effect, and the December 2020 Order is therefore incorrect. The Court is unpersuaded. In Tripati v. Henman, the Ninth Circuit held that a final judgment retains its preclusive effect, even while an appeal is pending. 857 F.2d 1366, 1367 (9th Cir. 1988) ("The established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal...."). Indeed, the Ninth Circuit noted that "[t]o deny preclusion in these circumstances would lead to an absurd result: Litigants would be able to refile identical cases while appeals are pending, enmeshing their opponents and the court system in tangles of duplicative litigation." Id.; Fam. of Four v. California Att'y Gen. Bill Lockyer, et al., 2005 WL 8158462, at *7 (S.D. Cal. Aug. 3, 2005). Thus, even if the November 2020 Decision was subject to an appeal, the ALJ could properly consider it to be a final determination for preclusive purposes.

Plaintiffs attempt to limit this binding Ninth Circuit precedent by claiming that "collateral estoppel does not hold in IDEA cases as it does in others." (Opp'n at 13.) That argument is unavailing. The OAH and at least one district court in this circuit have applied collateral estoppel in IDEA due process matters, specifically citing to Triparti. See, e.g., Bellflower Unif. Sch. Dist., No. 2018071234 (OAH 2019) (holding that a "final judgment retains its collateral estoppel effect, if any, while pending appeal"); Fam. Of Four, 2005 WL 8158462, at *7 (finding that plaintiffs' IDEA claims against school district were barred by collateral estoppel). Plaintiffs' authorities to the contrary are readily distinguishable. See A.D. ex rel. L.D. v. Hawaii Dep't of Educ., 727 F.3d 911, 914 (9th Cir. 2013) (holding that a stay-put order is appealable under the collateral order doctrine, but making no mention of appeals of due process OAH orders or their preclusive effect).

The Court finds that the November 2020 Decision is a final determination with potential preclusive effect. The ALJ did not err in so finding.

2. **Identical Issues**

Plaintiffs claim that the ALJ incorrectly assumed that the issues in the 2016-2017 school year were identical to those in the 2018-2019 school year. (Opp'n at 10.) Plaintiffs assert that the Complaint's representation that the issues were not identical must be held to be true at this stage. (Id.) However, as Defendant points out, Plaintiffs do not allege any facts to support that claim, and conclusory statements are not entitled to a presumption of truth. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiffs add that the ALJ also misapplied the law by concluding that S.L.'s parents' alleged refusal to consent to an evaluation related to the 2016-2017 school year exited S.L. from special education and resulted in a permanent bar from special education eligibility. (Id. at 11.)

As described above, the December 2020 Order relied on the November 2020 Decision's determination that S.L. "was not eligible for special education and related services after June 2017, and was not entitled to a FAPE from [the District] thereafter." (Mot. Ex. 4 at 5.) In their Complaint, Plaintiffs assert that "contrary to the ALJ's holding [in the November 2020 Decision], until S.L. aged out at age 22, she could have always been referred again for special education assessment." (Compl. ¶ 15.) In fact, Plaintiffs argue that a subsequent referral for initial assessment would trigger the agency's duty to conduct it. (Opp'n at 11.) They point to Letter to Cox, where the Office of Special Education Programs ("OSEP") explained:

> After revoking consent for special education and related services for his or her child, a parent maintains the right to subsequently request an initial evaluation to determine if the child is a child with a disability who needs special education and related services. If a parent … later request that his or her child receive special education and related services, an LEA must treat this request as a request for an initial evaluation under 34 CFR § 300.301, rather than a reevaluation under 34 CFR § 300.303.

110 LRP 10357 (OSEP 2009). Defendant does not substantively challenge this guidance. Rather, Defendant argues that Plaintiffs fail to allege specific facts about any such speculative referrals which would require reversal of the December 2020 Order. (Mot. at 11.) In particular, while Plaintiffs make cursory references to a potential referral, unlike in Letter to Cox, Plaintiffs do not identify the date of any such subsequent referral for initial assessment. (Id.; Reply at 4-5.) Defendant adds that the November 2020 Decision explicitly considered Plaintiffs' claims about alleged requests for assessments during the 2018-2019 school year. (Reply at 4.)

Plaintiffs counter that S.L.'s parents' "requests for assessments related to the 2018-2019 school year were not speculative[,]" but rather, "[t]hose requests were made, as Plaintiffs can and will prove at hearing." (Id.) However, the Court agrees with Defendant that the Complaint does not sufficiently allege any subsequent referrals that might support Plaintiffs' claim that the ALJ erred in the December 2020 Order.[3] Thus, the Court rejects Plaintiffs' arguments, and GRANTS Defendant's Motion.

Nonetheless, the Court finds that Plaintiffs may be able to allege facts to support their claim that the issues in the 2018-2019 school year differed from those in the 2016-2017 school year, and/or that there was a specific subsequent referral for initial assessment that the ALJ did not consider in the December 2020 Order. The Court thus DISMISSES Plaintiffs' Complaint WITH LEAVE TO AMEND.

## V.   CONCLUSION

---

[3] Defendant further argues that to the extent the Complaint challenges the November 2020 Decision, it is duplicative from the pending related action seeking a partial reversal of the November 2020 Decision. (Id.) The Court agrees that the actions may be duplicative, such that dismissal or consolidation of the actions may be appropriate.

     For the reasons above, the Court GRANTS Defendant's Motion, and DISMISSES the Complaint WITH LEAVE TO AMEND.  The September 13, 2021 hearing is VACATED.  Plaintiffs may file an amended complaint by September 24, 2021.

**IT IS SO ORDERED.**