1  FAGEN FRIEDMAN & FULFROST, LLP
   Christopher J. Fernandes, SBN 204844
2  cfernandes@f3law.com
   Joshua M. Walden, SBN 325296
3  jwalden@f3law.com
   1525 Faraday Avenue, Suite 300
4  Carlsbad, California 92008
   Phone: 760-304-6000
5  Fax: 760-304-6011

6  Attorneys for Upland Unified School
   District
7

8            UNITED STATES DISTRICT COURT

9     CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

10

11  RITA LOOF AND S.L.,                  CASE NO. 5:21-cv-00556-JGB-(SPx)

12        Plaintiffs,                    **DEFENDANT UPLAND UNIFIED
                                         SCHOOL DISTRICT'S NOTICE OF
13                                       MOTION AND MOTION TO
        vs.                              DISMISS PLAINTIFFS' FIRST
14                                       AMENDED COMPLAINT FOR
                                         REVERSAL OF DISMISSAL OF AN
15  UPLAND UNIFIED SCHOOL                ADMINISTRATIVE DUE PROCESS
    DISTRICT,                            COMPLAINT**
16
          Defendant.
17
                                         Date:    November 8, 2021
18                                       Time:    9:00 a.m.
                                         Crtrm.:  1
19                                       Judge:   Hon. Jesus G. Bernal
20
                                         Trial Date:    None Set
21

22

23  **TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

24        **PLEASE TAKE NOTICE THAT** on November 8, 2021. at 9:00 a.m., or as

25  soon thereafter as counsel may be heard, in the courtroom of the Honorable Jesus G.

26  Bernal, located in the United States Courthouse, 3470 Twelfth Street Riverside,

27  California 92501, Upland Unified School District ("Defendant" or "District") will

28  and hereby does move this Court to Dismiss Plaintiffs' First Amended Complaint

Case No. 5:21-cv-00556-JGB-(SPx)

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND
UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1  ("First Amended Complaint") pursuant to Federal Rule of Civil Procedure

2  ("FRCP") 12(b)(6).

3      This Motion is made upon the grounds that Plaintiffs' First Amended

4  Complaint fails to state a claim upon which relief can be granted against Defendant.

5  This Motion is based on this Notice of Motion, the attached Memorandum of Points

6  and Authorities, the Declaration of Christopher J. Fernandes, and the Request for

7  Judicial Notice filed concurrently herewith, all of the pleadings, files, and records in

8  this proceeding, all other matters of which the Court may take judicial notice, and

9  any argument or evidence that may be presented to or considered by the Court prior

10  to its ruling.  This motion is made following the conference of counsel pursuant to

11  L.R. 7-3 which took place on October 1, 2021.

12  DATED: October 8, 2021              FAGEN FRIEDMAN & FULFROST, LLP

13

14

15                          By:    */s/ Christopher J. Fernandes*
                                 Christopher J. Fernandes
16                               Joshua M. Walden
17                               Attorneys for Upland Unified School
                                 District
18

19

20

21

22

23

24

25

26

27

28

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1
2

# **TABLE OF CONTENTS**

**Page**

3   I.     INTRODUCTION ............................................................................................. 1

4   II.    LEGAL STANDARD ...................................................................................... 7

5   III.   ARGUMENT .................................................................................................. 9

6       A.    Plaintiffs Failed to Plead Sufficient Facts To Support Their
7             Claim That The Issues in the 2018-2019 School Year Differed
              From Those In The 2016-2017 School Year. .......................................... 9

8             1.    Plaintiffs' New Allegations in the First Amended
9                   Complaint Are Barred by the Statute of Limitations ................. 10

10            2.    Plaintiffs Failed to Plead Sufficient Facts To Support
                    Their Claim That The Issues in the 2018-2019 School
                    Year Differed From Those In The 2016-2017 School Year. ..... 12

11      B.    Plaintiffs Failed to Plead Sufficient Facts That There Was A
12            Specific Subsequent Referral for Initial Assessment that the ALJ
              Did Not Consider in the December 2020 Order. .................................... 13

13            1.    The Consideration of the Requests for Assessments in the
14                  OAH Decision. .......................................................................... 15

15            2.    The Consideration of the Requests for Assessments in the
                    December 2020 Order .................................................................. 16

16            3.    The Court Should Dismiss Any Challenge to the OAH
17                  Decision in the First Amended Complaint as Plaintiffs
                    Have a Pending Duplicative Action in Federal Court. .............. 18

18  IV.    CONCLUSION ............................................................................................. 19

19
20
21
22
23
24
25
26
27
28

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND
UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

**<u>TABLE OF AUTHORITIES</u>**

<u>Page</u>

<u>CASES</u>

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..................................................................8

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)...........................................9, 13

*Ashcroft v. Iqbal*, 556 U.S. at 678-79 ..............................................10, 13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ................................7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ...........................9, 13

*Buckley v. BMW N. Am.*, cv-19-1255, 2019 WL 6465509, at *7 (C.D. Cal. Dec. 2, 2019) ...............................................................10, 12, 13

*Elec. Props. E., LLC v. Marcus and Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014)....................................................................10, 13

*Erickson v. Pardus*, 551 U.S. 89 (2007) ...................................................8

*Fowler v. Howell* (1996) 42 Cal.App. 4th 1746, 1750 ..............................9

*Garfield v. NDC Health Corp.* (110th Cir. 2006) 466 F3d 1255, 1271 ....................................8

*Harrison v. Hanson*, 165 Cal. App. 2d 370, 331 P.2d 1084 (2d Dist. 1958)..............................9

*Hitek Software, LLC v. Sunrise Broadcasting of N.Y., Inc.*, cv-12-8004, 2013 WL 12137879, at *3 (C.D. Cal. Feb. 21, 2013).............................3

*Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003) ...........................7

*In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 629 (7th Cir. 2010) (Posner, J.)...................................................................9, 13

*Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015)............................................................................8

*La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).................................................11

*Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) .........................3, 8, 9

*Lesti v. Wells Fargo Bank*, N.A., 960 F.Supp.2d 1311, 1316-17 (M.D. Fla. 2013).............................10

*Marsh v. San Diego Cnty.*, 432 F.Supp.2d 1035, 1043–44 (S.D.Cal. 2006)...............9

*Meyer v. One West Bank, F.S.B.*, 91 F.Supp.3d 1177, 1180 (C.D. Cal. 2015) ...10, 13

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

Case No. 5:21-cv-00556-JGB-(SPx)

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND
UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

*Paul G. v. Monterey Peninsula Unif. Sch. Dist.*, 256 F.Supp.3d 1064, 1073
(N.D. Cal. June 21, 2017)......................................................................11

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir.
1984)........................................................................................................8

*Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001)...............8, 12

*Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ......................................9

*Twombly,* 550 U.S. at 558...........................................................................10, 13

*United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) .................................8

## <u>STATUTES</u>

20 U.S.C. §§ 1415(i)(2)(A)-(B) ..................................................................11

Cal. Educ. Code § 56505(k) .......................................................................11

## <u>OTHER AUTHORITIES</u>

Fed. R. Evid. 201(b) ..................................................................................9

Fed. R. Evid. 201(b)) .................................................................................9

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND
UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2       Defendant Upland Unified School District ("Defendant") respectfully submits
3  the following points and authorities in support of its Motion to Dismiss Plaintiffs'
4  First Amended Complaint pursuant to FRCP 12(b)(6).

5  ## I.       <u>INTRODUCTION</u>

6       On August 25, 26, and 27, September 1, 2, 3, 15, 17, 22, 24 and 25, Plaintiffs
7  and Defendant (collectively referred to as "Parties") participated in a video
8  conference due process hearing before the California Office of Administrative
9  Hearings ("OAH").[1]  OAH designated the matter as OAH Case Nos. 2019080542,
10 2020040245, and 2020010465.

11      On September 11, 2020, while the Parties were participating in the above-
12 referenced due process hearing, Plaintiffs filed another request for a due process
13 hearing with OAH.[2]  OAH designated the matter as OAH Case No. 2020090375.
14 The Due Process Complaint stated that S.L.'s date of birth was March 7, 1997, and
15 Plaintiff's residence address was 2324 W. Orange Drive, Upland, California 91784.[3]
16 The Due Process Complaint referenced Plaintiff's alleged June 6, and July 26, 2018
17 requests for assessments.[4]  The Due Process Complaint did not reference Plaintiff's
18 alleged May 14, 2019 request for assessments.[5]

19      On November 24, 2020, Administrative Law Judge ("ALJ") Kara Hatfield
20 issued a decision ("OAH Decision") in OAH Case Nos. 2019080542, 2020040245,

21

22

---

23 [1] The following hearing days were dark: September 16 and 23, 2020.

24 [2] September 11, 2020 Due Process Complaint ("Due Process Complaint"), which
25 this Court took judicial notice of on September 10, 2021.  *See* Order Granting
   Defendant's Motion to Dismiss and Vacating the September 13, 2021 Hearing.

26 [3] *Id.* at 2.

27 [4] *Id.*  at pp. 18-23.

28 [5] *See id.*

Case No. 5:21-cv-00556-JGB-(SPx)

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND
UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1  and 2020010465.[6]  OALJ Hatfield found that Defendant prevailed on each issue

2  heard and decided with the exception of issues # 16 and 18 for which neither Parties

3  prevailed.  Based on the testimony and documentary offered by the Parties, ALJ

4  Hatfield considered Plaintiff's alleged June 6 and July 26, 2018 and May 14, 2019

5  requests for assessments and determined that Defendant "proved Parents refused to

6  consent to the September 30, 2016 triennial assessment plan, as repeatedly presented

7  to Parents on many dates both before and *after* [S.L.'s] triennial evaluation was due.

8  Despite repeated opportunities in 2016, 2017, and *2018*, *as well as in 2019*, Mother

9  did not provide the requisite consent [to assessments]."[7]  In the OAH Decision, ALJ

10  Hatfield denied all of Plaintiffs' requests for relief and determined that S.L. "was

11  not entitled to a FAPE from [Defendant] during the 2017-2018 and 2018-2019

12  school years after Parents refused to consent to the September 30, 2016, and

13  October 24, 2016 assessment plans."[8]

14  On December 15, 2020, in OAH Case No. 2020090375, Defendant filed a

15  motion requesting judicial notice of the OAH Decision and application of the

16  doctrine of collateral to the factual and legal conclusions in the OAH Decision,

17  particularly, ALJ Hatfield's determination that S.L. was not eligible for special

18  education and related services after June 30, 2017, and was not entitled to a FAPE

19  from the District thereafter.[9]

20  On December 24, 2020, Plaintiffs filed a motion to amend the Due Process

21

22  [6] November 24, 2020 OAH Decision ("OAH Decision"), which this Court took
23  judicial notice of on September 10, 2021.  *See* Order Granting Defendant's Motion
to Dismiss and Vacating the September 13, 2021 Hearing.

24  [7] *Id.* at pp. 118-21.  (Emphasis added.)

25  [8] *Id.* at 126.

26  [9] December 15, 2020 Motion Requesting Judicial Notice and Application of
27  Collateral Estoppel, which this Court took judicial notice of on September 13, 2021.
*See* Order Granting Defendant's Motion to Dismiss and Vacating the September 13,
28  2021 Hearing.

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1   Complaint and an amended due process complaint.[10]  The First Amended Due

2   Process Complaint, once again, stated that S.L.'s date of birth was March 7, 1997,

3   and Plaintiff's residence address was 2324 W. Orange Drive, Upland, California

4   91784.[11]  The First Amended Due Process Complaint referenced Plaintiff's alleged

5   June 6, and July 26, 2018 requests for assessments.[12]  The First Amended Due

6   Process Complaint did not reference Plaintiff's alleged May 14, 2019 request for

7   assessments.

8       On December 30, 2020, ALJ Rommel Cruz issued an Order Granting Request

9   for Official Notice of the November 24, 2020 Decision and Granting Motion to

10  Dismiss Issues Barred By The Doctrine of Collateral Estoppel .[13]  OAH served a

11  copy of the December 2020 Order on Plaintiffs at the following email address and

12  mailing address, respectively: rml93@verizon.net; and 2324 West Orange Drive,

13  Upland CA 91784.[14]

14  _____

15  [10] December 24, 2020 Request to Amend Due Process Complaint ("First Motion to
    Amend") and Amended  Due Process Complaint ("First Amended Due Process
16  Complaint"), attached to Fernandes Decl. and Request for Judicial Notice as
    Exhibits 1 and 2.  While, ""[a]s a general rule, a district court may not consider any
17  material beyond the pleadings in ruling on a Rule 12(b)(6) motion[,]" the Court may
    consider "material which is . . . necessarily relied on in the complaint . . . ."  *Hitek*
18  *Software, LLC v. Sunrise Broadcasting of N.Y., Inc.*, cv-12-8004, 2013 WL
    12137879, at *3 (C.D. Cal. Feb. 21, 2013), quoting *Lee v. City of Los Angeles*, 250
19  F.3d 668, 688 (9th Cir. 2001).
20
21  [11] First Amended Due Process Complaint, p. 1.

22  [12] *Id.*  at pp. 18-22.

23  [13] December 30, 2020 Order Granting Request for Official Notice of the November
    24, 2020 Decision and Granting Motion to Dismiss Issues Barred by the Doctrine of
24  Collateral Estoppel; Order Dismissing Non-IDEA Claims; Order Granting Motion
    to Amend Complaint and Dismissing Issues Barred by Collateral Estoppel and Non-
25  IDEA Claims ("December 2020 Order"), which this Court took judicial notice of on
    September 13, 2021.  *See* Order Granting Defendant's Motion to Dismiss and
26  Vacating the September 13, 2021 Hearing.
27
28  [14] December 30, 2020, Declaration of Service of December 2020 Order, attached to

In the December 2020 Order, ALJ Cruz determined that the Parties litigated claims from the "2016-2017 school year through the 2018-2019 school year," including, "[i]ssue 17 of the consolidated due process hearing was raised by [Defendant] to determine if [S.L.] was entitled to a FAPE from [Defendant] during the 2017-2018 and 2018-2019 school years after Parents refused to consent to the September 30, 2016, and October 24, 2016 assessment plans."[15]  ALJ Cruz determined that the Parties "were afforded an opportunity to litigate [i]ssue 17, with both parties offering testimony and documentary evidence to support their contentions."[16]  ALJ Cruz also determined that Defendant's "defense that it was not obligated to provide [S.L.] a FAPE for the 2018-2019 school year was litigated between the parties and [ALJ Hatfield] issued a final judgment finding that [S.L.] was not entitled to a FAPE from the [Defendant] after June 30, 2017."[17]  Further, ALJ Cruz stated the following in the December 2020 order:

> As to [Plaintiffs'] Issue 10, [they] contend [Defendant] failed to conduct assessments requested by Parent and to convene an IEP team meeting within 60 days of Parent's request.  The First Amended [Due Process] Complaint's only reference to requests for assessments in 2018 or 2019 involved Parent's requests made in June and July of 2018.  Issue 9 [*sic*] was addressed in the [OAH Decision], identified as Issue 15.  OAH found that [the District] did not deny [S.L.] a FAPE by failing to timely assess her in response to Parent's July 26, 2018 request for assessments. [Plaintiffs] and [the District were afforded an opportunity to litigate Issue 15, with both parties offering testimony and documentary evidence to support their contentions.  Accordingly, [Plaintiffs'] Issue 10 is barred by the doctrine of collateral estoppel, and hence, dismissed.[18]

---

Fernandes Decl. and Request for Judicial Notice as Exhibit 3.

[15] December 2020 Order, p. 4.

[16] *Id.*

[17] *Id.* at 5 (emphasis added).

[18] *Id.* at

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

On January 6, 2021, Plaintiffs filed a request for reconsideration of the December 2020 Order.[19]

On January 8, 2021, ALJ Cruz issued an Order Denying Student's Request for Reconsideration.[20]  OAH served a copy of the Order Denying Student's Request for Reconsideration on Plaintiffs at the following email address and mailing address, respectively: rml93@verizon.net; and 2324 West Orange Drive, Upland CA 91784.

On January 12, 2021, Defendant filed a Motion to Dismiss and Request for Application of Collateral Estoppel.[21]  Defendant served a copy of the Motion to Dismiss on Plaintiffs at the following email address: rml93@verizon.net.[22]

On January 18, 2021, Plaintiffs filed a Request to Amend Due Process Complaint.[23]  The Second Motion to Amend, for a third time, stated that S.L.'s date of birth was March 7, 1997, and Plaintiff's residence address was 2324 W. Orange Drive, Upland, California 91784.[24]  The Second Motion to Amend referenced Plaintiff's alleged June 6, and July 26, 2018 requests for assessments.[25]  The Second Motion to Amend did not reference Plaintiff's alleged May 14, 2019 request for

---

[19] January 6, 2021 Request for Reconsideration of Order Granting Application for Collateral Estoppel or, in the Alternative, Determine That Student Has Exhausted Administrative Remedies, attached to Fernandes Decl. and Request for Judicial Notice as Exhibit 4.

[20] January 8, 2021 Order Denying Student's Request for Reconsideration, attached to Fernandes Decl. and Request for Judicial Notice as Exhibit 5.

[21] January 12, 2021 Motion to Dismiss and Request for Application of Collateral Estoppel ("Motion to Dismiss"), attached to Fernandes Decl. and Request for Judicial Notice, as Exhibit 6.

[22] *Id.* at pp. 17-18.

[23] January 18, 2021 Request to Amend Due Process Complaint ("Second Motion to Amend"), attached to Fernandes Decl. and Request for Judicial Notice, as Exhibit 7.

[24] *Id.* at p. 3.

[25] *Id.*  at pp. 17-20.

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND
UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1 assessments.[26]

2 On January 25, 2021, ALJ Cruz issued an Order Granting Motion to Dismiss

3 Time-Barred Claims and Issues Barred by the Doctrine of Collateral Estoppel;

4 Order Denying Second Motion to Amend; Order of Dismissal.[27] OAH served a

5 copy of the January 2021 Order on Plaintiffs at the following email address and

6 mailing address, respectively: rml93@verizon.net; and 2324 West Orange Drive,

7 Upland CA 91784.[28]

8 In the January 2021 Order, ALJ Cruz stated that the First Amended Due

9 Process Complaint "references communications between Parent and [Defendant] in

10 June and July 2018, regarding Parent's request for assessments . . . The First

11 Amended [Due Process] Complaint makes no reference of any request for Student to

12 be assessed after July 26, 2018, and specifically, following September 11, 2018, two

13 years prior to the filing of the [Due Process Complaint] in this matter."[29] In the

14 January 2021 Order, ALJ Cruz dismissed issues 11.a., 11.b., and 12 in the First

15 Amended Complaint pursuant to the application of collateral estoppel and the statute

16 of limitations.[30] Also, ALJ Cruz denied the Second Motion to Amend as "the

17 second amended complaint fail[ed] to raise any new claims within OAH's

18 jurisdiction, and not barred by the two-year statute of limitations and the doctrine of

19 collateral estoppel."[31]

20 _____

21 [26] *See id.*

22 [27] January 25, 2021 Order Granting Motion to Dismiss Time-Barred Claims and
   Issues Barred by the Doctrine of Collateral Estoppel; Order Denying Second Motion
23 to Amend Complaint; Order of Dismissal ("January 2021 Order"), attached to
24 Fernandes Decl. and Request for Judicial Notice, as Exhibit 8.

25 [28] Statement of Service of January 2021 Order, attached to Fernandes Decl. and
   Request for Judicial Notice, as Exhibit 9.

26 [29] January 2021 Order, p. 5-6.

27 [30] *Id.* at 8.

28 [31] *Id.* at 9.

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND
UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

On or about February 22, 2021, Plaintiffs filed a complaint with the Central District Court of California appealing the OAH Decision.  The Central District Court of California designated the matter as Case No. 5:21-cv-00326-JGB-KK.

On or about March 30, 2021, Plaintiffs filed the instant duplicative Complaint in the present matter ("Complaint") with the Central District Court of California requesting again reversal of the OAH Order and remand to OAH for hearing of the issues.  The Central District Court of California designated the matter as Case No. 5:21-cv-00556-JGB-SP.

On July 19, 2021, Defendant filed a motion to dismiss along with a request for judicial notice.

On September 10, 2021, the Central District Court of California granted Defendant's motion to dismiss along with the request for judicial notice and dismissed Plaintiffs' Complaint with leave to amend to "allege facts to support their claim that the issues in the 2018-2019 school year differed from those in the 2016-2017 school year, and/or that there was a specific subsequent referral for initial assessment that the ALJ did not consider in the December 2020 Order."

On September 24, 2021, Plaintiffs filed the instant First Amended Complaint.  The First Amended Complaint exceeds the scope of amendment allowed by this Court in its order dismissing the original complaint, by adding new claims (discussed further below).

## II.     LEGAL STANDARD

A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.[32]  The complaint must give defendant fair notice of what the claim is and the grounds upon which it rests.[33]  To meet this requirement,

---

[32] *Ileto v. Glock,* 349 F.3d 1191, 1199-1200 (9th Cir. 2003).

[33] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1 the complaint must be supported by factual allegations.[34]  "While legal conclusions

2 can provide the framework of a complaint," neither legal conclusions nor conclusory

3 statements are themselves sufficient, and such statements are not entitled to a

4 presumption of truth.[35]  *Iqbal* and *Twombly* prescribe a two-step process for

5 evaluation of motions to dismiss.  The court first identifies the non-conclusory

6 factual allegations, and the court then determines whether these allegations, taken as

7 true and construed in the light most favorable to the plaintiff, "plausibly give rise to

8 an entitlement to relief."[36]  A complaint is properly dismissed under Rule 12(b)(6) if

9 there is either a "lack of a cognizable legal theory" or "the absence of sufficient

10 facts alleged under a cognizable legal theory."[37]  The Court is not required to accept

11 any allegations that are "conclusory, unwarranted deductions of fact, or

12 unreasonable inferences."[38]  Further, an amended complaint is limited to allegations

13 that bear only on legal theories already asserted.[39]

14        "Although as a general rule [courts] may not consider any material beyond

15 the pleadings in ruling on a Rule 12(b)(6) motion, [courts] may consider extrinsic

16 evidence not attached to the complaint if the document's authenticity is not

17 contested and the plaintiff's complaint necessarily relies on it."[40]

18        Further, Courts may take judicial notice of adjudicative facts that are not

19 subject to reasonable dispute.[41]  "Facts are indisputable, and thus subject to judicial

20

21 [34] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

22 [35] *Id.,* at 679.

23 [36] *Id.*; *Erickson v. Pardus*, 551 U.S. 89 (2007).

24 [37] *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

25 [38] *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

26 [39] *Garfield v. NDC Health Corp.,* 466 F3d 1255, 1271 (10th Cir. 2006)

27 [40] *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015), *citing*, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

28 [41] *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003), citing Fed. R.

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND
UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

notice, only if they either 'generally known' . . . or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned[.]"[42]  The Court may take judicial notice of records and reports of administrative bodies, official acts, records of any court of this state, and the contents of public records.[43]

Relatedly, the Court is not obligated to consider inconsistent statements or facts provided in a sham amended pleading.[44] Prior pleadings may be admissible in evidence against the pleader.  Inconsistencies between previous versions may lead the Court to distrust the good faith of the pleader and thus to deny leave for further amendment.[45]

## III.   ARGUMENT

### A.   Plaintiffs Failed to Plead Sufficient Facts To Support Their Claim That The Issues in the 2018-2019 School Year Differed From Those In The 2016-2017 School Year.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."[46]  As stated above, determining plausibility is a two-step process

[42] *Id.* at 909.

[43] *See* Fed. R. Evid. 201(b); *Marsh v. San Diego Cnty.*, 432 F.Supp.2d 1035, 1043–44 (S.D.Cal. 2006); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Fowler v. Howell* (1996) 42 Cal.App. 4th 1746, 1750; *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).)

[44] *Harrison v. Hanson*, 165 Cal. App. 2d 370, 331 P.2d 1084 (2d Dist. 1958).

[45] *Id.*

[46] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Plausible" refers to a moderately high likelihood of occurrence. *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 629 (7th Cir. 2010) (Posner, J.)

Evid. 201(b)).

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1  dependent on the Court's judicial experience and common sense.[47]  It is the

2  plaintiff's burden to include "sufficient factual enhancement to cross the line

3  between possibility and plausibility."[48]  A plaintiff must do so without reliance on

4  assumptions, inferences, or labels and conclusions.[49]  Therefore, when the well-pled

5  allegations in a complaint, however true, could not raise a claim of entitlement to

6  relief, "this basic deficiency should be exposed at the point of minimum expenditure

7  of time and money by the parties and the court."[50]

8      Rather than address the deficiencies in the Plaintiffs' Complaint, Plaintiffs

9  raise new allegations, in the First Amended Complaint, that ALJ Cruz "entirely

10  failed to address Plaintiffs' issues #11(a), #11(b), #12."[51]   Plaintiffs also allege that

11  "OAH has never issued an order dismissing Issues #14 through #21."[52]  Plaintiffs'

12  contentions fail for multiple reasons.

13      1.   Plaintiffs' New Allegations in the First Amended Complaint Are

14         Barred by the Statute of Limitations.

15      A party is permitted to use a Rule 12(b)(6) motion to dismiss as a vehicle to

16  challenge a complaint on statute of limitations grounds.[53]  "A Rule 12(b)(6) motion

17  to dismiss on statute of limitations grounds may be granted … if it is apparent from

18  the face of the complaint that the claim is time barred."[54]

19

20  [47] *Elec. Props. E., LLC v. Marcus and Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014).

21  [48] *Buckley v. BMW N. Am.*, cv-19-1255, 2019 WL 6465509, at *7 (C.D. Cal. Dec. 2, 2019).

22  [49] *Ashcroft v. Iqbal,* 556 U.S. at 678-79 ("While legal conclusions can provide the

23  framework of a complaint, they must be supported by factual allegations."); *Meyer*

24  *v. One West Bank, F.S.B.*, 91 F.Supp.3d 1177, 1180 (C.D. Cal. 2015).

   [50] *Twombly,* 550 U.S. at 558.

25  [51] First Amended Complaint, p. 9.

26  [52] *Id.* at 11.

27  [53] *Lesti v. Wells Fargo Bank*, N.A., 960 F.Supp.2d 1311, 1316-17 (M.D. Fla. 2013).

28  [54] *Id.; see also La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

Case No. 5:21-cv-00556-JGB-(SPx)

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND
UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1    The IDEA and the California Education Code impose a 90-day statute of

2    limitations for an aggrieved party to appeal an administrative decision.[55]  Orders,

3    including orders on motions to dismiss, constitute an administrative decision and are

4    subject to the same 90-day statute of limitations period.[56]

5    Plaintiffs inappropriately allege, in the First Amended Complaint, that ALJ

6    Cruz "applied collateral estoppel to the entire case, even though Issues #11(a),

7    #11(b), #12 and #14-#21 were completely unaddressed."[57]  Also, Plaintiffs

8    inappropriately allege that Plaintiffs "never received a response from OAH

9    regarding the January 18,2021 [sic] request to amend," and that "shortly thereafter

10   [Plaintiffs] tried to access documents uploaded by OAH, but discovered there were

11   no files in the system and it appeared the case had been closed."[58]  Further, Plaintiffs

12   contend that these "issues (#11(a) & (b); #12 and #14-21) should be remanded to

13   OAH to be heard, since they have not been administratively exhausted."[59]  Based on

14   the new factual allegations in the First Amended Complaint, Plaintiffs appears to

15   contend that, after January 18, 2021, OAH "simply dismissed the whole case

16   without either Defendant or the ALJ himself having addressed them in any way."[60]

17   Here, Plaintiffs inappropriately requests the reversal of OAH's January 2021

18   Order.  Plaintiff had 90 days (until March 26, 2021) to appeal the January 2021

19   Order.  Plaintiffs failed to timely appeal the January 2021 Order within the 90-day

20   period.   Contrary to Plaintiff's contentions, Plaintiffs were properly served with the

21   _____

22   Cir. 2004).

23   [55] 20 U.S.C. §§ 1415(i)(2)(A)-(B); Cal. Educ. Code § 56505(k).

24   [56] *Paul G. v. Monterey Peninsula Unif. Sch. Dist.*, 256 F.Supp.3d 1064, 1073 (N.D. Cal. June 21, 2017).

25   [57] First Amended Complaint, p. 20.

26   [58] *Id.* at pp. 11, 20.

27   [59] *Id.* at 21.

28   [60] *Id.* at 9.

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1    Defendant's Motion to Dismiss and the January 2021 Order.[61]  Plaintiffs' attempt to

2    appeal the January 2021 Order through the instant First Amended Complaint, filed

3    on September 24, 2021, fails to provide a cognizable legal theory that could

4    plausibly give rise to an entitlement to relief.  Rather, on its face, Plaintiffs' new

5    allegations pertaining to the January 2021 Order are barred by the statute of

6    limitations under 20 U.S.C. section 1415 (i)(2)(B) and California Education Code

7    section 56505(k).

8         2.    <u>Plaintiffs Failed to Plead Sufficient Facts To Support Their Claim That</u>

9               <u>The Issues in the 2018-2019 School Year Differed From Those In The</u>

10              <u>2016-2017 School Year.</u>

11        Plaintiffs failed to meet their burden to include "sufficient factual

12   enhancement to cross the line between possibility and plausibility."[62]  Indeed,

13   Plaintiffs failed to plead *any* facts to support a claim that the issues in the 2018-2019

14   school year differed from those in the 2016-2017 school year, as ordered by this

15   Court.  Rather, Plaintiffs attempt to raise new allegations that do not remedy the

16   deficiencies in the Complaint and are outside of the scope amended allowed by this

17   Court.[63]

18        .  Further, Plaintiff's new allegations in the First Amended Complaint

19   pertaining to the January 2021 Order are "conclusory, unwarranted deductions of

20   fact, or unreasonable inferences," which this Court need not accept as true.[64]

21   Plaintiffs' allegation that OAH failed to "render" the January 2021 Order is an

22

23   _____
     [61] *Compare* Due Process Complaint, First Amended Due Process Complaint, and

24   Second Motion to Amend *with* Motion to Dismiss, p. 18 and Declaration of Service
     of January 2021 Order.

25   [62] *Buckley v. BMW N. Am.*, cv-19-1255, 2019 WL 6465509, at *7 (C.D. Cal. Dec. 2,

26   2019).

27   [63] *Garfield*, 466 F.3d 1271 (2006).

28   [64] *Sprewell v. Golden State Warriors,* 266 F.3d 988 (2001).

12

unreasonable and disprovable contention in light of the proofs of service to Plaintiffs' email address and mailing address.[65]  Plaintiffs failed to establish otherwise and failed to cite any facts in support of their unreasonable contentions.

### B.    Plaintiffs Failed to Plead Sufficient Facts That There Was A Specific Subsequent Referral for Initial Assessment that the ALJ Did Not Consider in the December 2020 Order.

To survive a motion to dismiss under Rule 12(b)(6), a First Amended Complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."[66]  As stated above, determining plausibility is a two-step process dependent on the Court's judicial experience and common sense.[67]  It is the plaintiff's burden to include "sufficient factual enhancement to cross the line between possibility and plausibility."[68]  A plaintiff must do so without reliance on assumptions, inferences, or labels and conclusions.[69]  Therefore, when the well-pled allegations in a First Amended Complaint, however true, could not raise a claim of entitlement to relief, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."[70]

---

[65] *Compare* Due Process Complaint, First Amended Due Process Complaint, and Second Motion to Amend *with* Motion to Dismiss, p. 18 and Declaration of Service of January 2021 Order.

[66] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Plausible" refers to a moderately high likelihood of occurrence. *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 629 (7th Cir. 2010) (Posner, J.)

[67] *Elec. Props. E., LLC v. Marcus and Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014).

[68] *Buckley v. BMW N. Am.*, cv-19-1255, 2019 WL 6465509, at *7 (C.D. Cal. Dec. 2, 2019).

[69] *Ashcroft v. Iqbal,* 556 U.S. at 678-79 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Meyer v. One West Bank, F.S.B.*, 91 F.Supp.3d 1177, 1180 (C.D. Cal. 2015).

[70] *Twombly,* 550 U.S. at 558.

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1    In the First Amended Complaint, Plaintiffs, in an attempt to comply with the

2  Order Granting Defendant's Motion to Dismiss, identify the following dates of a

3  "specific subsequent referral for initial assessment that the ALJ did not consider in

4  the December 2020 Order:" June 6, 2018; July 26, 2018; and May 14, 2019.[71]

5  Curiously, Plaintiffs allege that "[a]t all times relevant to this [FAC] – the 2018-

6  2019 school year – [S.L.] was a student residing in the attendance area of Defendant

7  and well under the cut-off age for special education of 22 years old."[72]  However,

8  contrary to Plaintiffs' allegations, S.L. turned 22 years old on March 7, 2019, before

9  the date of Plaintiffs' alleged May 14, 2019 referral for an initial assessment.[73]

10    With regard to June 6 and July 26, 2018 and May 14, 2019 requests, Plaintiffs

11  concede that such requests "may not yet have entitled S.L. to services, but they did

12  have entitled [*sic*] her to *comprehensive assessment* and the offer of FAPE, which *if*

13  *accepted* would have put her back in special education and entitled her to

14  services."[74]  Plaintiffs contend that "[t]he OAH November 2020 did not analyze

15  whether or not the Parent letters of June and July 2018 constituted a new referral for

16  assessments by the Parent thereby triggering [Defendant's] duty to conduct an initial

17  evaluation."[75]

18    Plaintiffs contentions are incorrect.  Contrary to Plaintiffs' contentions, ALJ

19  Hatfield determined that "Student was not entitled to a FAPE from [Defendant]

20  during the 2017-2018 and 2018-2019 school years after Parents *refused* to consent

21  to the September 30, 2016, and October 24, 2016 assessment plans."[76]  Plaintiffs

22

23  _____

[71] First Amended Complaint, pp. 11, 13, 15.

24  [72] *Id.* at 2.

25  [73] *See* Second Motion to Amend, p. 3.

26  [74] First Amended Complaint, p. 22.  (Emphasis added.)

27  [75] *Id.*

28  [76] OAH Decision, p. 126.  (Emphasis added.)

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

attempt to mislead the Court with regard to their allegations concerning the June 6 and July 26, 2018 requests for assessments; ALJ Hatfield specifically considered the those requests for assessments in the Decision.[77]

    1. <u>The Consideration of the Requests for Assessments in the OAH Decision.</u>

  First, in the OAH Decision, ALJ Hatfield considered Plaintiffs' June 6, 2018 request for assessment and determined that Parent's request was not "genuine and insufficient to constitute Mother's consent to a comprehensive triennial evaluation of Student."[78]  ALJ Hatfield determined that Parent's consent to reassessments of Student was "conditional, qualified consent to assessments."[79]  Further, ALJ Hatfield noted that "[Mother] also never signed the assessment plans [Defendant] gave her."  Even so, ALJ Hatfield determined that Defendant "had already thoroughly responded" to Plaintiffs' repeated additional requests and conditions, which "repeated what [Mother] first stated in her July 21, 2017 letter" and that on June 25, 2018, Defendant "again gave Mother the assessment plans" in response to the June 6, 2018 request for reassessment.[80]

  Second, ALJ Hatfield also considered Plaintiffs' July 26, 2018 request for assessments and determined that, once again, Parent's consent was "conditional" and that Plaintiffs did not provide "the necessary unqualified consent to assess."[81] Specifically, ALJ noted that Plaintiffs dictated a "written list of specified instruments [Mother] wanted [Defendant] to use" and that Plaintiffs asked "for a written response to specific questions [Defendant] had repeatedly answered in

---

[77] *Id.* at 118-21.

[78] *Id.* at 119.

[79] *Id.*

[80] *Id.* at 118-19.

[81] *Id.* at 119.

Case No. 5:21-cv-00556-JGB-(SPx)
NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1  writing."[82]  ALJ Hatfield concluded that Plaintiffs' July 26, 2018 request for

2  assessments "did not provide the necessary unqualified consent to assess, either on

3  the assessment plan form(s) or in a letter.[83]

4          Lastly, ALJ Hatfield considered the time-barred May 14, 2019 request for

5  assessments and determined that its "caveats, limitations, and requirements"

6  "vitiated any purported consent" to [Defendant's] reassessments.[84]  ALJ Hatfield

7  concluded that the May 14, 2019 request for assessments was "*not a new, full*

8  *unconditional consent to the triennial evaluation* [Defendant] had proposed three

9  years earlier, and repeatedly since then."[85]

10          In considering the June 6 and July 26, 2018 and May 14, 2019 requests for

11  assessments, ALJ Hatfield determined that Plaintiffs continued to deny Defendant

12  the ability to assess Student "despite [Mother's] letters purporting to consent but at

13  the same time voicing objections, and demanding conditions and controls."[86]

14  Contrary to Plaintiffs' allegations, ALJ Hatfield concluded that "[d]espite repeated

15  opportunities in 2016, 2017, and 2018, as well as in 2019, Mother did not provide

16  the requisite consent."[87]

17          2.    The Consideration of the Requests for Assessments in the December

18                2020 Order.

19          As discussed above, ALJ Cruz determined that ALJ Hatfield considered all of

20  the testimony and documentary evidence of the Parties as it related to the June 6 and

21  July 26, 2018 and May 14, 2019 requests for assessments:

22          Student and [Defendant] were afforded an opportunity to litigate Issue

23  _____

24  [82] *Id.*

24  [83] *Id.*

25  [84] *Id.* at 120.

26  [85] *Id.*

27  [86] *Id.*

28  [87] *Id.*  at 121.

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND
UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

17, with both parties offering testimony and documentary evidence to support their contentions. OAH's November 24, 2020 Decision determined Student was no longer eligible for special education and related services after June 30, 2017, due to Parent's failure to consent to [Defendant's] triennial assessments. Furthermore, OAH found that [Defendant] had no further duty after June 30, 2017, to offer or provide Student a FAPE, to convene IEP team meetings, or otherwise afford Student most of the rights available to students with disabilities under the IDEA and related state law. The November 24, 2020 Decision further concluded that Parent's failure to consent afforded [Defendant] a complete defense to almost any claim Student might raise that [Defendant] denied her a FAPE after June 30, 2017, and in the 2017-2018 school year or thereafter.

As to Student's Issue 10, it contends [Defendant] failed to conduct assessments requested by Parent and to convene an IEP team meeting within 60 days of Parent's request. The complaint's *only* reference to requests for assessments in 2018 or 2019 involved Parent's requests made in *June and July of 2018*. Issue 9 [*sic*] was addressed in the November 24, 2020 Decision, identified as Issue 15. OAH found that [Defendant] did not deny Student a FAPE by failing to timely assess her in response to Parent's July 26, 2018 request for assessments. [Plaintiffs] and [Defendant] were afforded an opportunity to litigate Issue 15, with both parties offering testimony and documentary evidence to support their contentions. Accordingly, Student's Issue 10 is barred by the doctrine of collateral estoppel, and hence, dismissed.[88]

Contrary to Plaintiffs' contentions, ALJ Cruz specifically considered the June 6 and July 26, 2018 requests for assessments. As discussed above, in the Due Process Complaint, the First Amended Due Process Complaint, and the Second Motion to Amend, Plaintiffs failed to allege any facts pertaining to the May 14, 2019 request for assessments. Plaintiffs failed to establish that ALJ Cruz "denied the parent any opportunity to try before a fact-finder" because Plaintiffs failed to allege any facts pertaining to the May 14, 2019 requests for assessments.[89]

---

[88] OAH December 2020 Order, pp. 6-7.

[89] First Amended Complaint, p. 22.

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1   Nonetheless, ALJ Cruz reviewed and considered the OAH Decision, in which ALJ

2   Hatfield considered the June 6 and July 26, 2018 and May 14, 2019 requests for

3   assessments.

4           3.   The Court Should Dismiss Any Challenge to the OAH Decision in the

5                First Amended Complaint as Plaintiffs Have a Pending Duplicative

6                Action in Federal Court.

7           In the First Amended Complaint, Plaintiffs, once again, inappropriately raise

8   numerous new allegations with regard to ALJ Hatfield's Decision.[90]  Plaintiffs

9   allegations challenging the OAH Decision are repetitive and a duplication of the

10  complaint requesting partial reversal of the OAH Decision in Case No. 5:21-cv-

11  00326-JGB-KK.  In fact, this Court acknowledged as much, in its Order Granting

12  the Motion to Dismiss, agreeing that any challenge to the OAH Decision "may be

13  duplicative, such that dismissal or consolidation of the actions may be

14  appropriate."[91]  Plaintiffs duplicative challenge of the OAH Decision in their First

15  Amended Complaint is improper and must be dismissed.

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25

26  _____

27  [90] *Id.* at pp. 22-26.

28  [91] *See* Order Granting Defendant's Motion to Dismiss and Vacating the September
    13, 2021 Hearing.

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND
UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

IV.    <u>**CONCLUSION**</u>

Accordingly, Plaintiffs' First Amended Complaint should be dismissed, with prejudice, for the reasons discussed above.  Plaintiffs have failed and will be unable to cure the previous defects requiring dismissal without leave to amend.

DATED:  October 8, 2021                  FAGEN FRIEDMAN & FULFROST, LLP


                                         By:    */s/ Christopher J. Fernandes*
                                                Christopher J. Fernandes
                                                Joshua M. Walden
                                                Attorneys for Upland Unified School
                                                District

368-361/6190595.1

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UPLAND
UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT