Michael T. Stoller, Esq., (Bar No. 120241)
LIBERTY LAW GROUP
7215 Canby Avenue
Reseda, California 91335
Telephone: 310-245-4028
Email: michael.stoller@stollerlawgroup.com

Attorney for Plaintiffs
RITA LOOF, RENE LOOF, AND RACHEL LOOF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| RITA LOOF AND SARAH LOOF<br><br>Plaintiffs,<br><br>v.<br><br>UPLAND UNIFIED SCHOOL DISTRICT<br><br>Defendant. | Case No. 5:21-cv-00556-JGB-SPx<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THEIR FIRST AMENDED COMPLAINT UNDER FRCP 12(b)(6)**<br><br>Date: November 8, 2021<br>Time: 9:00 a.m.<br>Courtroom.: 1<br>Judge: Hon. Jesus G. Bernal |
|---|---|

Plaintiffs hereby oppose Defendant's motion to dismiss under FRCP 12(b)(6).

**TABLE OF CONTENTS**

I. INTRODUCTION.................................................................................. 6

II. THE LEGAL STANDARD................................................................... 6

III. FACTUAL BACKGROUND....…............................................................ 7

IV. PLAINTIFFS HAVE PLED SUFFICIENT FACTS TO SUPPORT THE CLAIM THAT THE ISSUES IN THE 2018-2019 SCHOOL YEAR DIFFERED FROM THOSE IN 2016-2017..................................................…8

   A. The November 2020 decision failed to consider parents assessment requests made in 2018 and 2019.........................................................…….8

   B. Whether parent constructively revoked consent in 2016 under 34 CFR 300.300(d)(4) or not, SOL. was entitled to assessment once referred by her parent, so no such revocation before that referral was effective any longer........................................................................…9

   C. Plaintiffs' FAC does not improperly raise new issues as Defendant asserts........................................................................…....................10

   D. Plaintiffs' FAC met the 90-day timeline to file for review……...……….11

   E. Plaintiffs properly raised the May 14, 2019 referral for assessment at hearing................................................................................................12

   F. The statute of limitations runs from when Plaintiffs knew or should have known there was a problem, and earlier evidence is not time-barred.......................................................................................…13

   G. Defendant alleges, but does not show, that Plaintiffs' appeal of this OAH dismissal is somehow barred by Plaintiffs' ongoing appeal of the earlier case.................................................................……14

V. CONCLUSION ..........................................................…................... 15

2
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)

# TABLE OF AUTHORITIES

**Federal Cases**

*ARC Ecology v. U.S. Dep't of Air Force,*
411 F.3d 1092, 1096 (9th Cir. 2005)……………………….……………..5

*.Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................……………………..6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 570 (2007)...................................................……………….6

*Doe v. United States*,
419 F.3d 1058, 1062 (9th Cir. 2005)................................................………5

*Garfield v. NDC Health Corp.*
 466 F3d 1255, 1271 (11th Cir. 2006).................................................……..10

*Moyo v. Gomez*,
32 F.3d 1382, 1384 (9th Cir. 1994).................................................…………5

*Starr v. Baca*,
652 F.3d 1202, 1216 (9th Cir.2011).................................................………..6

*Usher v. City of Los Angeles*,
828 F.2d 556, 561 (9th Cir. 1987).................................................………..6

**Federal Statutes**

20 U.S.C. § 1415(b)(7)(A)(ii)(III) & (IV)......................................................……12

FRCP 12(b)(6)............................................................………..………………….7, 15

FRCP 15(b)(2)..............................................................……………….………..10

**Federal Regulations**

34 C.F.R 300.9…………………………………….………………….....………..9

34 C.F.R 300.300(d)(4)……………………………………………….…………..9

## I. INTRODUCTION

OAH decided against Plaintiffs on November 24, 2020 (November 2020 decision) in consolidated OAH cases 2019080542, 2020040245, and 2020010465 on issues regarding the 2016-2017 school year. Plaintiffs timely filed for review of this administrative decision on February 22, 2021, and that complaint for review of the administrative decision is now before this Court as case 5:21-cv-00326-JGB-KK.

Meanwhile, in order to plead issues related to the 2018-2019 school year, Plaintiffs also filed another OAH case in September 2020, which OAH denominated case 2020090375. After the OAH decision of November 24, 2020, Defendants filed a motion on December 15, 2020 to dismiss 2020090375 on the basis of collateral estoppel. The issues in the first case related to school year 2016-2017, and the new case addresses only issues related to the 2018-2019 school year.

## II. THE LEGAL STANDARD

When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. See *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *ARC Ecology v. U.S. Dep't of Air Force*, 411 F.3d 1092, 1096 (9th Cir. 2005); *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.2011).

Moreover, a court must "draw all reasonable inferences in favor of the non moving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

## III. FACTUAL BACKGROUND

Collateral estoppel requires that the issues be identical. Plaintiffs and the ALJ appear to have taken the position that the issues in the 2018-2019 school year are identical to those adjudicated by OAH in the 2016-2017 school year, two years before.

The ALJ also held that student became ineligible for special education forever when parent refused District assessment in 2016, and that she was therefore barred from ever again referring her daughter for special education assessment – thus precluding issues being raised regarding the 2018-2019 school year.

Defendant has moved to dismiss under FRCP 12(b)(6), failure to state a claim. This appears to be based on the application of collateral estoppel, which in turn rests upon disputed factual and legal conclusions. Defendant also argues that Plaintiff failed to timely appeal the OAH decision in OAH Case No. 2020090375. Defendant contends that Plaintiffs' claims regarding the 2018-1019 school year are identical to those adjudicated for the 2016-2017 school year, and being exited from special education forever barred later referral for initial assessment.

But, as Defendant has conceded, OSEP Letter to Cox (2009) makes it clear that after revocation, a parent may again refer her student for initial assessment at any time, whereupon the agency owes a comprehensive assessment to determine eligibility.

So the facts and circumstances in 2016 were different than those in the 2018-2019 School Year, and the issues raised by Plaintiff in OAH Case No. 2020090375 could not have been identical to those raised in consolidated OAH cases 2019080542, 2020040245, and 2020010465. Plaintiffs timely filed the First Amended Complaint in the appeal of OAH decision 2020090375 before this Court.

## IV. PLAINTIFFS HAVE PLED SUFFICIENT FACTS TO SUPPORT THE CLAIM THAT THE ISSUES IN THE 2018-2019 SCHOOL YEAR DIFFERED FROM THOSE IN 2016-2017.

**A. The November 2020 decision failed to consider parents assessment requests made in 2018 and 2019.**

The November 2020 decision never considered the requests made by the Parent in 2018 or in 2019. The ALJ simply concluded that Student was no longer eligible due to the Parent's alleged refusal to consent to the assessment plans of 2016, evidently taking the view that revocation is itself always irrevocable.

If the ALJ were correct in concluding the revocation must remain in effect forever, then collateral estoppel might well apply to the following school year, 2018-2019, since any action to change the status following revocation would be precluded.

But as Defendant concedes, OSEP Letter to Cox (2009) correctly states that a parent may thereafter refer the student for initial assessment at any time following revocation, at which point the agency owes a comprehensive initial assessment upon parent consent.

The ALJ failed to analyze whether or not the parent's several requests for assessment on June 6 and July 26, 2018, and May 14, 2019 constituted a new referral for assessment (Exhibits 1, 2, and 3) – as in fact they did.  In a 12(b)(6) motion to dismiss, the non-movant's properly pled facts must be taken as true, and reasonable inferences drawn in that party's favor.  At least for the purpose of this motion, the parent referred S.L. for assessment and consented to assessment, which

the District then refused to do because the parent asked for the information she needed for her consent to be informed.  Defendant should not be allowed to profit from its own wrong.

Merely asking to be informed, as 34 CFR 300.9 requires, is not imposing conditions on consent.  It makes such consent possible.  The heart of the matter is that the parent referred S.L. for assessment and consented to the assessment plan – only asking to be informed about the new proposed assessments without conditioning Defendant's assessment on anything.  For instance, she wanted to know how long the assessments would take so that she could schedule them.  That they would then be scheduled was never in question.

**B.   Whether parent constructively revoked consent in 2016 under 34 CFR 300.300(d)(4) or not, S.L. was entitled to assessment once referred by her parent, so no such revocation before that referral was effective any longer.**

Defendant asserted at hearing, and the ALJ agreed, that parent's alleged refusal to consent to assessment in 2016 amounted to a constructive revocation of consent.  The authority for this finding appears to be 34 CFR 300.300(d)(4), which states that when the parent of a home-schooled or private school student refuses assessment, the agency need not consider the student eligible under IDEA.

Plaintiffs dispute that this refusal happened, but here, there is no need to reach that question.  Either way, referral for assessment in 2018 and 2019 triggered Defendant's duty to assess, whether it was an initial evaluation or a reevaluation.  Nothing that happened in 2016 or 2017 affected Defendant's duty to assess when it

was requested three times in 2018 and 2019.  Collateral estoppel cannot apply to 2018-2019, because what happened in 2016 and 2017 has no bearing on the mother's assessment requests in 2018 and 2019 or on Defendant's duty to act upon them.

Failing to acknowledge any of this, the ALJ denied the parent any opportunity to try before a fact-finder all these questions regarding the 2018-2019 school year.  This Court can grant relief by reversing the improper dismissal and remanding the case to OAH to be heard.

**C.  Plaintiffs' FAC does not improperly raise new issues as Defendant asserts.**

Defendant relies on *Garfield v. NDC Health Corp.*, 466 F3d 1255, 1271 (11th Cir. 2006) to support the contention that Plaintiffs' FAC is inappropriate and outside the scope allowed by this Court (Motion p.12 ln 15-17).  But *Garfield* is off-point for this purpose.  The district court in that case had given leave to amend, restricting that particular amendment in these words:

> "Plaintiff may amend its complaint but the amendment is limited to allegations (i) based on information not available to Plaintiff when the Second Amended Complaint was filed and (ii) which bear only on claims already asserted."

.

The Tenth Circuit did not hold here that this was a limitation of general application, overriding the general guidance of FRCP 15(b)(2).  It only held that the district court's exercise of discretion in this particular case was sound, in order

to avoid prejudice to the opposing party. That's not in question here. This Court's order did not impose such restrictions, and Defendant is not prejudiced by Plaintiffs' providing the additional detail that the Court invited in its order, and has not claimed to be.

**D.   Plaintiffs FAC met the 90-day timeline to file for review.**

It is true that Plaintiffs were never served the OAH order of January 25, 2021, and first saw it in Defendant's pleading. But it actually doesn't matter. It is undisputed that the order was issued no earlier than January 25, and that Plaintiffs filed their complaint with this Court on March 30. 90 days from January 25, 2021 is April 25, 2021. Even OAH's earlier order of January 8 is less than 90 days before March 30.[1]

Defendants also object that Plaintiffs only raised the failure of OAH in any way to adjudicate Issues 14-21 much too late.

But Plaintiffs' original complaint did in fact raise them, but not with enough specificity, so that the FAC is just correcting that deficiency as the Court invited Plaintiffs to do. There's nothing wrong with Plaintiffs doing that.

---

[1] Defendant's motion incorrectly asserts that 90 days runs from January 25, 2021 to March 26, 2021. Dkt. 17, p. 16, ln 18.

**E. Plaintiffs properly raised the May 14, 2019 referral for assessment at hearing.**

Defendant's Motion asserts that Student's Due Process complaint did not reference Plaintiff's alleged May 14, 2019 request (Dkt. 17, P.6 ln 17-18)[2] and that Plaintiffs failed to allege any facts pertaining to the May 14, 2019 request for assessments (Dkt. 17, p. 22 ln 22-23).

Defendant then contradicts itself, stating that "ALJ Cruz reviewed and considered the OAH Decision, in which ALJ Hatfield considered the June 6 and July 26, 2018 and May 14, 2019 requests for assessments" (Dkt No. 17, p.23, ln 1-3). Defendant can't have it both ways. The OAH decision could not possibly have considered non-existent allegations. Plaintiffs FAC alleged facts related to the May 2019 new request for assessments, which the ALJ decided.

Defendant cannot now complain that Plaintiffs' due process complaint did not plead these facts in sufficient detail. A Due Process complaint is sufficient if it: (1) describes the problem relating to the proposed change regarding the Student's identification, evaluation, or educational placement, or providing the Student a free appropriate public education; (2) includes facts about the problem; and (3) includes a proposed resolution to the extent known and available to the party at the time. (20 U.S.C. § 1415(b)(7)(A)(ii)(III) & (IV).). Defendant never challenged the sufficiency of Student's Due Process complaint, and so the statute requires that it be found sufficient. Student would have introduced detailed evidence if OAH would have allowed a hearing to go forward. OAH should have furnished

---

[2] References are to the PACER page numbering throughout.

Plaintiffs the opportunity to do that, and this Court may properly remand the case for that purpose.

**F. The statute of limitations runs from when Plaintiffs knew or should have known there was a problem, and earlier evidence is not time-barred.**

In the January 25, 2021 order, the ALJ states that issues numbered 14 through 21 in the Second Amended Complaint "involved events that occurred prior to September 11, 2018," and on this basis states that the issues are barred by the two year statute of limitation, so that Student could not amend her complaint. But the statute of limitations is not a bar to evidence, for instance the student's date of birth. So OAH properly permitted Defendant to cite events that occurred in 2016 — to wit, the Parent's alleged refusal to consent to the September 30, 2016 and October 24, 2016 Assessment Plans—in their request to dismiss Student's Due Process complaint and First Amended Due Process Complaint (OAH Case. No. 2020090375) and Opposition to Student's Second Amended Due Process Complaint; ultimately granting the District's request.

Additionally, the OAH order repeatedly points to the June 30, 2017 event when, according to the OAH November 2020 decision, student was exited from special education altogether never to be eligible ever again. But the June 30, 2017 event took place three years before the filing of OAH Case No. 2020090375.. If these events are not time-barred, and they are not, then neither are the later requests for assessments of June 2018, July 2018 and May 2019.

Because Issues 14-21 arose within the two-year statute of limitations, although their basis was earlier events, they should be remanded and heard by OAH.

**G.  Defendant alleges, but does not show, that Plaintiffs' appeal of this OAH dismissal is somehow barred by Plaintiffs' ongoing appeal of the earlier case.**

Defendant claims that appealing OAH's dismissal of OAH Case No. 2020090375 in this federal court action (Case No. 5:21-cv-00556-JGB-KK) is somehow barred because there already is a pending federal court action in Case No. 5:21-cv-00326-JGB-KK requesting a partial reversal of the OAH Decision. There are two separate appeals on two separate OAH cases.

 No. 5:21-cv-00326-JGB-KK seeks reversal of OAH Case Nos. 2019080542, 2020040245, and 2020010465 while Case No. 5:21-cv-00556-JGB-KK seeks to reverse OAH's decision to dismiss Plaintiff's Due Process Complaint without a hearing, in OAH Case No. 2020090375.  The issues in the two appeals are different.

If this case depended on whether the mother constructively revoked consent in 2016 or 2017, Defendant would have a point, but it does not, because Defendant's failure to assess when asked to in 2018 and 2019 is unaffected by whether that revocation happened.

## CONCLUSION

The facts alleged and supported by Plaintiffs show that a motion to dismiss under FRCP 12(b)(6) is not proper in this case. Taking all well-pled facts into account, Defendant has not shown that the case should be dismissed. The case should be heard, so that the Court can determine whether to remand it to OAH for further proceedings, as Plaintiffs believe it should be.

Dated: October 18, 2021          LIBERTY LAW GROUP

By: /s/ *Michael T. Stoller*

MICHAEL. T. STOLLER
Attorney for Plaintiffs