1  FAGEN FRIEDMAN & FULFROST, LLP
Christopher J. Fernandes, SBN 204844
2  cfernandes@f3law.com
Joshua M. Walden, SBN 325296
3  jwalden@f3law.com
1525 Faraday Avenue, Suite 300
4  Carlsbad, California 92008
Phone: 760-304-6000
5  Fax: 760-304-6011

6  Attorneys for Upland Unified School
District
7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

10

11  RITA LOOF AND S.L.,

12          Plaintiffs,

13  vs.

14

15  UPLAND UNIFIED SCHOOL
DISTRICT,
16

17          Defendant.

CASE NO. 5:21-cv-00556-JGB-(SPx)

**DEFENDANT UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Date:     November 8, 2021
Time:     9:00 a.m.
Crtrm.:   1
Judge:    Hon. Jesus G. Bernal

Trial Date:     None Set

18

19

20

21

22

23

24

25

26

27

28

*Fagen Friedman & Fulfrost, LLP*
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1    Defendant Upland Unified School District ("Defendant" or "District")

2  respectfully files this Reply to Plaintiffs' Opposition to Defendant's Motion to

3  Dismiss Plaintiffs' First Amended Complaint ("FAC") ("Opposition").

**I.    ARGUMENT**

**A.    Plaintiffs' Opposition is Untimely.**

    Plaintiffs were required to file the Opposition by October 18, 2021.  Pursuant

to Local Rule 5-4.6.1., "all electronic transmissions of documents must be

completed prior to midnight Pacific Standard Time . . . in order to be considered

timely on that day."[1]

    Further, Local Rule 7-9, "Opposing Papers," states as follows:

> Each opposing party shall, not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances, serve upon all other parties and file with the Clerk with (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion.[2]

    Here, Plaintiffs needed to oppose Defendant's Motion on or before October

18, 2021; however, Plaintiffs filed the Opposition on October 19, 2021.

Consequently, the Court should not consider Plaintiffs' untimely Opposition.

However, even if the Court considers Plaintiffs' Opposition, the FAC should be

dismissed because Plaintiffs repeatedly assert conclusory statements that are

unsupported by facts identified in the FAC and make arguments outside of the four

corners of the FAC.  Contrary to Plaintiffs' unsupported contentions, ALJ Hatfield

considered Plaintiffs' June 6 and July 26, 2018, and May 14, 2019 requests for

assessments in the OAH Order.

---

[1] C.D. Cal. R. 5-4.6.1.
[2] C.D. Cal. R. 7-9.

UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**B.**     **The OAH Decision Considered Plaintiffs' Requests for Assessments in 2018 and 2019 and Plaintiffs' Contention that They Consented to Assessments Is A Legal Conclusion That Is Not Entitled to a Presumption of Truth.**

In the Opposition, Plaintiffs contend that the OAH Decision "never considered the requests made by the Parent in 2018 or in 2019 . . . evidently taking the view that revocation is itself always irrevocable."[3]  Plaintiffs contend that in "a 12(b)(6) motion to dismiss, the non-movant's properly pled facts must be taken as true, and *reasonable* inferences drawn in that party's favor."[4]  However this is not the case when the facts alleged are shown to be false (sham pleading) *via* prior inconsistent statements or contrary to judicially noticeable facts.  Plaintiffs further allege that "[a]t least for the purpose of this motion, the parent referred S.L. for assessment and *consented* to assessment."[5]  Plaintiffs attempt to mislead this Court, *via* unsupported facts.

As discussed in Defendant's Motion, ALJ Hatfield considered Plaintiffs' June 6 and July 26, 2018, and May 14, 2019 requests for assessments.[6]  Further, contrary to Plaintiffs' contentions, ALJ Hatfield did not "fail[] to analyze whether or not the parent's several requests for assessment on June 6 and July 26, 2018, and May 14, 2019 constituted a new referral for assessment."[7]  With regard to each of the above-referenced requests for assessments, ALJ Hatfield determined that none of the requests from Plaintiffs provided full, unconditional consent to assess S.L.[8]  Plaintiffs' contention that ALJ Hatfield never "considered the requests made by the

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] OAH Decision, pp. 118-21.
[7] Opposition, p. 8.
[8] *Id.*

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

Case No. 5:21-cv-00556-JGB-(SPx)
UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1   Parent in 2018 or in 2019" in the OAH Decision is blatantly false, the falsity of

2   which may be confirmed by review of the OAH decision.

3           Plaintiffs also erroneously allege that "referral for assessment in 2018 and

4   2019 triggered Defendant's duty to assess, whether it was an initial evaluation or a

5   revaluation."[9]  Plaintiffs failed to cite any legal authority supporting such an

6   allegation and, in fact, misstate the law.  Contrary to Plaintiffs' contentions, a

7   referral for an assessment for special education and related services does *not* trigger

8   the District's completion of initial assessments for special education and related

9   services.  Rather, in response to a referral for an assessment for special education

10  and related services, a school district must provide a student's parent with an

11  assessment plan within 15 days of the referral for assessments.[10]  However, a school

12  district *cannot* begin assessments until it receives unconditional consent to the

13  assessment plan from the student's parent.[11]

14          The Individuals with Disabilities Education Improvement Act of 2004 and the

15  California Education Code define "consent" to mean all of the following:

16  •   The parent has been fully informed of all information relevant to the activity
        for which consent is sought, in his native language, or through another mode
17      of communication;

18  •   The parent understands and agrees in writing to the carrying out of the
        activity for which consent is sought, and the consent describes that activity
19      and lists the records (if any) that will be released and to whom; and

20  •   The parent understands that the granting of consent is voluntary on the part of
        the parent and may be revoked at any time.  If a parent revokes consent, that
21      revocation is not retroactive (i.e., it does not negate an action that has
        occurred after the consent was given and before the consent was revoked).  If
22      the parent revokes consent in writing for his or her child's receipt of special
        education and related services after the child is initially provided services, the
23      district is not required to amend the child's education records to remove any
        references to the child's receipt of special education and related services

24

25  [9] Opposition, p. 9.

26  [10] Cal. Educ. Code, § 56321.

    [11] *See R.A. v. West Contra Costa Unified School District* (9th Cir. 2017) 696
27  Fed.Appx. 171; *see also G.J. v. Muscogee County School Dist.* (11th Cir. 2012) 668
28  F.3d 1258, 1262-64.

UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1    because of the revocation of consent.[12]

2    The U.S. Department of Education's Office of Special Education Programs

3    ("OSEP") has stated that a parent need not have an in-depth understanding of all of

4    the services that a student's IEP might provide or every aspect of a proposed

5    assessment.  Rather, for consent to be "fully informed," the parent must *merely* have

6    a general understanding of the activity for which he or she is providing consent.[13]

7    Here, the District provided Parents with the assessment plans, dated

8    September 30 and October 27, 2016, on September 30, October 19, 27, and 31,

9    November 18, and December 13, 2016, July 10 and 31, and August 24, 2017, and

10    June 25, 2018.[14]  In reviewing, among other requests, Plaintiffs' June 6 and July 26,

11    2018, and May 14, 2019 alleged requests for assessments, ALJ Hatfield concluded

12    the following:

> [Defendant] proved [Plaintiffs] *refused* to consent to the September 30,
> 2016 triennial assessment plan, as repeatedly presented to Parents on
> many dates both before and after Student's triennial evaluation was due.
> Despite repeated opportunities in 2016, 2017, 2018, *as well as in 2019*,
> Mother did not provide the *requisite* consent.  Student therefore lost her
> eligibility for special education and related services under the IDEA and
> state law after June 30, 2017.  Student was not entitled to a [free
> appropriate public education ("FAPE")] from [Defendant] during the
> 2017-2018 and *2018-2019 school years*.

Plaintiffs failed to identify any other requests for assessments in 2019 prior to the

end of the 2018-2019 school year and, in reviewing the May 14, 2019 request for

assessments, ALJ Hatfield determined that Plaintiffs did not provide the requisite

consent to allow Defendant to assess S.L. and, as such, S.L. was not entitled to a

FAPE during the 2018-2019 school year.

Plaintiffs' contention that "the parent . . . *consented* to assessment" is an

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

---

[12] 34 C.F.R. § 300.9; Cal. Educ. Code, § 56021.1

[13] *Letter to Johnson* (OSEP 2010) 56 IDELR 51 (emphasis added).

[14] *See* OAH Decision.

UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1  improper legal conclusion, unsupported by the administrative record, that is not

2  entitled to a presumption of truth.[15]  As discussed in the Motion, the Court is not

3  required to accept any allegations that are "conclusory, unwarranted deductions of

4  fact, or unreasonable inferences."[16]  "While legal conclusions can provide the

5  framework of a complaint," neither legal conclusions nor conclusory statements are

6  themselves sufficient, and such statements are not entitled to a presumption of

7  truth.[17]  In Plaintiffs' Opposition, Plaintiffs believe they are entitled to a

8  presumption of truth regardless of whether their allegations are legal conclusion or

9  conclusory statements.  That is not the case.

10      Notably, Plaintiff's contention that they "consented to assessment" is a

11  conclusory statement that is not entitled to a presumption of truth because there is a

12  separate, pending appeal of the OAH Decision in which Plaintiffs attempt to

13  challenge ALJ Hatfield's conclusion that Plaintiffs, at all relevant times, refused to

14  consent to the Defendant's assessment plans without conditions.[18]  Further, in the

15  OAH Decision, ALJ Hatfield specifically noted that "[t]here was no evidence that

16  Mother ever signed these assessment plans or otherwise consented to these proposed

17  assessments."[19]  Specifically, ALJ Hatfield noted the following:

18  Mother stated in her July 26, 2018 letter that she believed Student needed
19  a re-evaluation by [Defendant].  Yet the only reason a triennial re-
    evaluation had not occurred after 2014 was because Mother had *since*
20  *September 30, 2016*, unreasonably refused to consent to [Defendant]
21  conducting a comprehensive reassessment of Student.

22  [Defendant] did not deny Student a FAPE by failing to timely assess
    Student in response to Mother's July 26, 2018 request for assessments.
23  On June 25, 2018, [Defendant] gave Mother an assessment plan for a
24  comprehensive triennial evaluation and evaluation of other areas Mother

25
26  [15] *Id.* at 121 (emphasis added).
    [16] *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).
27  [17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 679 (2007).
28  [18] Opposition, p. 8; *see also* Docket Report, Case No. 5:21-cv-00326-JGB-KK.
    [19] OAH Decision, p. 98.

had previously requested, and in the intervening month, Mother had not consented to [Defendant] assessing Student.  Until Mother consented to the assessments [Defendant] offered, [Defendant] could not proceed. Mother's repetition of her prior request for the same assessments in these limited areas did not confer a new obligation on [Defendant] to again provide Mother an assessment plan, or to undertake assessments without consent.[20]

In the December 2020 Order, ALJ Cruz granted Defendant's request for judicial notice of the OAH Decision, which included ALJ Hatfield's legal conclusions regarding Plaintiffs' June 6 and July 26, 2018, and May 14, 2019 requests for assessments, discussed above, and determined that Plaintiffs' issues one through four, six through eight, and 10 in the Due Process Complaint were barred by the doctrine of collateral estoppel.[21]  Consequently, in the FAC, Plaintiffs failed to allege facts that there was a specific subsequent referral for initial assessments that ALJ Cruz failed to consider in the December 2020 Order.  Further, Plaintiffs' contention that their June 6 and July 26, 2018, and May 14, 2019 requests for assessments provided the requisite consent for Defendant to assess S.L. is a legal conclusion that is not entitled to a presumption of truth and is the subject of a separate, pending appeal.[22]

C.     **Plaintiffs Failed to Support Their Claims That the Issues in the 2018-2019 School Year Differed From Those in the 2016-2017 School Year.**

In the Opposition, Plaintiffs contend that the "facts and circumstances in 2016 were different those in the 2018-2019 School year, and the issues raised by Plaintiff[s] in OAH Case No. 2020090375 could not have been identical to those raised in consolidated OAH cases 2019080542, 2020040245, and 2020010465."[23]

---

[20] *Id.*
[21] December 2020 Order.
[22] *See* Docket Report, Case No. 5:21-cv-00326-JGB-KK.
[23] Opposition, p. 7.

Case No. 5:21-cv-00556-JGB-(SPx)

UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1   Plaintiffs appear to believe that "Defendant contends that Plaintiffs' claims

2   regarding the 2018-1019 [*sic*] school year are identical to those adjudicated for the

3   2016-2017 school year, and being exited from special education forever barred later

4   referral for initial assessment."[24]  That is not the case.

5       Collateral estoppel prevents parties from disputing factual determinations

6   from prior OAH decisions.[25]  Parties are also precluded from relitigating issues

7   already heard and decided in previous due process proceedings.[26]

8       OAH has previously determined that issues are "identical" for the purposes of

9   collateral estoppel if identical factual allegations are at stake.[27]  OAH has also

10  previously determined that an issue in a due process hearing may be "identical" to

11  that in a previous hearing, even though the second hearing involves a different

12  school year.[28]  OAH determined that *absent new legal or factual circumstances*, the

13  fact that an action involves a subsequent school year does not preclude application

14  of the rule of collateral estoppel.[29]  Collateral estoppel bars re-litigation by means of

15  evidence that was, or could have been, presented in the first action."[30]  OAH has

16  previously determined that the *defenses decided in a prior decision can preclude*

17

18

---

19  [24] *Id.*  .

20  [25] *See Cupertino Union Sch. Dist.,* (OAH 2012) Case No. 2012020850, *quoting,*
    *A.B. v. Clarke County School Dist.* (M.D.Ga., June 8, 2009, No. 3:08–CV–86

21  (CDL)) 2009 WL 1606544, p. 8.

22  [26] *Capistrano Unified Sch. Dist.* (OAH 2019) 119 LRP 32339 (*citing Lucido v.*
    *Superior Court* (1990) 51 Cal. 3d 335, 341 and *Migra v. Warren City Sch. Dist. Bd.*

23  *of Ed.* (1984) 465 U.S. 75, 77).

24  [27] *Los Angeles Unified Sch. Dist.* (OAH 2007) 107 LRP 57039 (*citing Lucido v.*
    *Superior Ct.* (1990) 51 Cal.3d 335, 342).

25  [28] *Los Angeles Unified Sch. Dist., supra* (*citing Frutinger v. Hamilton Central*
    *School Dist.* (App. Div. 1996) 644 N.Y.S.2d 582, 584); *see also M.C.G. v.*

26  *Hillsborough County School Bd.* (Fla. App. 2006) 927 So.2d 224, 227.

27  [29] *Id.* (Emphasis added.)

28  [30] *Los Angeles Unified Sch. Dist., supra.*

UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1  *consideration of those issues again in a subsequent matter*.[31]

2       Here, the "identical" threshold requirement of collateral estoppel is met.

3  Plaintiffs made no showing that there were any new legal or factual circumstances

4  bearing on the issues in the Due Process Complaint and First Amended Due Process

5  Complaint.[32]  As discussed above, The OAH Decision addresses all of the factual

6  allegations raised in the Due Process Complaint and First Amended Due Process

7  Complaint, including Plaintiffs' June 6 and July 26, 2018, and May 14, 2019

8  requests for assessments.[33]  As part of the due process hearing, ALJ Hatfield

9  previously reviewed extensive evidence and testimony from the 2014-2015, 2015-

10  2016, 2016-2017, 2017-2018, and 2018-2019 school years and, based on the review

11  of that evidence and testimony, determined that Student was not eligible for special

12  education and related services after June 30, 2017, and was not entitled to a FAPE

13  from the District thereafter.[34]

14       In order to establish sufficient facts under a cognizable legal theory, Plaintiffs

15  would need to establish that Defendant had a duty to assess and provide S.L. a

16  FAPE during the 2018-2019 school year.  Plaintiffs have failed to do so.  ALJ

17

18  ---

[31] *Garden Grove Unified Sch. Dist.* (OAH 2012) 112 LRP 41919 (emphasis added).

19  [32] *Compare* OAH Decision *with* Due Process Complaint and First Amended Due
20  Process Complaint.

[33] In the Opposition, Plaintiffs mistakenly contend that "Defendant can't have it both
21  ways.  The OAH [D]ecision could not possibly have considered non-existent
allegations [regarding the May 14, 2019 request for assessments]."  Opposition, p.
22  12.  Plaintiffs, once again, misunderstand Defendant's contentions.  Although
23  Plaintiff's failed to reference the May 14, 2019 request in the Due Process
Complaint and First Amended Due Process Complaint, Defendant introduced the
24  May 14, 2019 request as documentary evidence and elicited testimony from S.L.'s
25  parent for ALJ Hatfield to consider as part of the OAH Decision.  As discussed,
above, ALJ Cruz granted Defendant's request for judicial notice and considered the
26  OAH Decision, in which ALJ Hatfield specifically considered the June 6 and July
27  26, 2018 and May 14, 2019 requests for assessments."

[34] OAH Decision, p. 126.
28

UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Hatfield already determined that S.L. was not entitled to a FAPE during the 2018-2019 school year.  Plaintiffs and Defendant presented documentary evidence and testimony, including documentary evidence of the June 6 and July 26, 2018, and May 14, 2019 requests for assessments at the due process hearing discussed in the OAH Decision.[35]  Plaintiffs have failed and will be unable to establish any new legal or factual circumstances such that Defendant's issue and defense that S.L. was not entitled to a FAPE for the 2017-2018 and 2018-2019 school years does not preclude Plaintiffs' issues in the Due Process Complaint and First Amended Due Process Complaint.

### D.    Plaintiffs did not timely appeal the January 2021 OAH Order.

In the Opposition, Plaintiffs contend that their Complaint did allege "the failure of OAH in any way to adjudicate issues 14-21 . . . but not with enough specificity"[36]  Plaintiffs failed to cite to any part of the Complaint in support of their contention.  Plaintiffs also alleged that the FAC corrected "that deficiency as the Court invited Plaintiffs to do."[37]  Rather than cite to any legal authority in support of their proposition, Plaintiffs stated that "[t]here's nothing wrong with Plaintiffs doing that."[38]

First, Plaintiffs failed to challenge the January 2020 Order altogether in the Complaint.  In fact, in the Complaint, Plaintiffs only reference three events that took place in December 2020 and January 2021: the December 2020 Order; Plaintiff's Motion for Reconsideration, dated January 7, 2021; and OAH's Order Denying Plaintiff's Request for Reconsideration, dated January 8, 2021.  Specifically, Plaintiffs "timely filed this complaint to reverse the OAH Order to Dismiss and the

---

[35] *Id*.; *see also* Opposition, p. 12 ("Plaintiffs properly raised the May 14, 2019 referral for assessment at hearing.").

[36] Opposition, p. 11.

[37] *Id.*

[38] *Id.*

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1    subsequent OAH denial of reconsideration."[39]  Contrary to Plaintiffs' contentions,

2    Plaintiffs did not fail to timely appeal the January OAH "with enough specificity;"[40]

3    rather; Plaintiffs failed to allege any facts related to the January 2021 OAH Order

4    and did not timely appeal it in the Complaint.

5         Second, contrary to Plaintiffs' allegations, Plaintiffs' FAC is not free from the

6    application of the statute of limitations.  Although Federal Rule of Civil Procedure

7    15(a) permits amendments to the pleadings "when justice so requires," an

8    amendment adding a new ground for relief to the complaint must contend with the

9    applicable statute of limitations.[41]  Here, Plaintiffs' FAC adds a challenge to the

10   January 2021 Order and Plaintiffs concede, in the Opposition, that they did not file

11   the FAC within the statute of limitations to challenge such order.[42]  Plaintiffs'

12   challenge to the January 2021 OAH Order is barred by the statute of limitations and

13   must be dismissed.

14        **E.      ALJ Cruz Correctly Applied the Statute of Limitations in the**

15                **January 2021 Order.**

16        Plaintiffs erroneously contend that this Court should remand issues 14-21, as

17   identified in the January 2021 Order, because those issues allegedly "arose within

18   the two-year statute of limitations, *although their basis was earlier events*."[43]  Now,

19   in Plaintiffs' Opposition, Plaintiffs attempt to, once again, expand the issues in the

20   FAC and those new allegations are not appropriate for an Opposition.  Plaintiffs

21   appear to misunderstand the application of the doctrine of collateral estoppel to

22   provide an exception to the statute of limitations, based on the following portion of

23   the Opposition:

24

25   [39] Complaint, p. 3.

26   [40] Opposition, p. 11.

     [41] *Jones v. Bernanke* (D.C. Cir. 2009) 557 F.3d 670,

27   [42] *See* FAC, p. 11.

28   [43] Opposition, at p. 14 (Emphasis added).

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

1
2
3
4
5

> Additionally, the OAH order repeatedly points to the June 30, 2017 event when, according to the OAH November 2020 decision, [S.L.] was exited from special education altogether never to be eligible ever again.  But the June 30, 2017 event took place three years before the filing of OAH Case No. 2020090375.. [*sic*]  If these events are time-barred, and they are not, then neither are the later requests for assessments of June 2018, July 2018, and May 2019.[44]

6
7

Plaintiffs failed to provide any legal authority in support of the above-referenced proposition.

8
9
10
11
12
13
14
15
16
17

A party filing a request for a due process hearing must file within two years from the date the party knew or had reason to know of the facts underlying the basis for the request.[45]  OAH lacks jurisdiction to adjudicate issues pertaining to events that occurred beyond the two-year statute of limitations.  In rare exceptions, a party may pierce the two-year statute of limitations where a party demonstrates that a district made specific representations that it had solved the problem forming the basis of the due process hearing request or that the district withheld information from the parent that was required to be provided.[46]  None of those exceptions apply in the instant matter and Plaintiffs contention, in the Opposition, that the application of collateral estoppel allows a party to pierce the statute of limitations if unfounded.

18
19
20
21
22
23
24

Here, the statute of limitations period commenced on September 11, 2018.[47] However, Student's issues in the First Amended Due Process Complaint all related to events that occurred outside of the two-year statute of limitations.  As discussed in Defendant's Motion to Dismiss, all of the factual allegations discussed in the First Amended Due Process Complaint pertained to events that occurred outside of the two-year statute of limitations period.  Further, the First Amended Due Process

25
26
27
28

---

[44] *Id.* at 13.
[45] 20 U.S.C. § 1415(f)(3)(C); 34 C.F.R. § 300.507; Cal. Educ. Code § 56505(l); *see also Avila v. Spokane Sch. Dist. 81* (9th Cir. 2017) 852 F.3d 936.
[46] Cal. Educ. Code § 56505(l).
[47] Plaintiffs filed the Due Process Complaint on September 11, 2020.

UPLAND UNIFIED SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  Complaint did not allege sufficient facts to pierce the two-year statute of limitations.

2  Consequently, in the January 2021 Order, ALJ Cruz properly dismissed the First

3  Amended Due Process Complaint because the issues were outside of the statute of

4  limitations.

5  **II.      CONCLUSION**

6         Based on the foregoing, Plaintiffs' FAC lacks a cognizable legal theory and

7  does not allege sufficient facts under a cognizable legal theory.  Plaintiffs cannot

8  allege sufficient facts in a second amended complaint to address any of the above-

9  referenced deficiencies.  Consequently, at this time, dismissal without leave to

10  amend is warranted.

11

12  DATED:  October 25, 2021          FAGEN FRIEDMAN & FULFROST, LLP

13

14

15                                    By:      */s/ Christopher J. Fernandes*

16                                          Christopher J. Fernandes
                                          Joshua M. Walden
17                                          Attorneys for Upland Unified School
                                          District
18

19  368-361/6208692.1

20

21

22

23

24

25

26

27

28

**Fagen Friedman & Fulfrost, LLP**
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011