JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-556 JGB (SPx)** | Date | January 27, 2022 |
|---|---|---|---|
| Title | *Rita Loof, et al. v. Upland Unified School District* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) GRANTING Defendant's Motion to Dismiss (Dkt. No. 17); and (2) VACATING the January 31, 2022 Hearing (IN CHAMBERS)**

Before the Court is Defendant Upland Unified School District's ("District") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ("Motion," Dkt. No. 17.) The Court determines that this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion. The January 31, 2022 hearing is VACATED.

## I.   BACKGROUND

On March 30, 2021, Plaintiffs Rita Loof and her daughter S.L. (the "Loofs") filed a complaint against the District. ("Complaint," Dkt. No. 1.) In the Complaint, the Loofs sought to reverse an Office of Administrative Hearings ("OAH") order dismissing their administrative complaint against the District. (See Compl.) On September 10, 2021, the Court granted the District's motion to dismiss the Complaint with leave to amend. ("MTD Order," Dkt. No. 15.)

On September 24, 2021, the Loofs filed an amended complaint. ("FAC," Dkt. No. 16.) The FAC states one cause of action seeking reversal of the OAH order. (FAC ¶¶ 23–32.)

On October 8, 2021, the District filed the Motion and request for judicial notice. (See Mot.; "RJN," Dkt. No. 17-1.) In support of the Motion, the District also filed the declaration of Christopher J. Fernandes and attached exhibits. ("Fernandes Declaration," Dkt. No. 17-2.) On

October 19, 2021, the Loofs filed a late opposition.[1] ("Opposition," Dkt. No. 18.) In support of the Opposition, the Loofs filed the declaration of Rita M. Loof and attached exhibits. ("Loof Declaration," Dkt. No. 18-1.) The District replied on October 25, 2021. ("Reply," Dkt. No. 19.)

## II.  FACTUAL ALLEGATIONS

The following allegations are accepted as true for the purposes of the Fed. R. Civ. P. 12(b)(6) Motion.

Plaintiff S.L. is a 24-year-old student with Specific Learning Disabilities. (FAC ¶ 3.) Plaintiff Rita Loof is S.L.'s mother. (Id. ¶ 4.) As a student with Specific Learning Disabilities, S.L. was eligible for special education throughout her entire school career. (Id. ¶ 4.) During the 2018-2019 school year, S.L. was a student who resided within Defendant Upland Unified School District's attendance area and was well under 22 years old, the cut-off age for special education. (Id.) At all times relevant to the instant action, however, Rita Loof and her husband were responsible for providing educational services to S.L. (Id. ¶¶ 3, 5.)

On September 11, 2020, Rita Loof filed a request for a due process hearing ("Administrative Complaint," Case No. 2020090375) with the California Office of Administrative Hearings ("OAH") on behalf of S.L. (Id. ¶ 6.) The Administrative Complaint raised issues concerning the District's duties to provide special education services to S.L. during the 2018-2019 school year. (Id. ¶ 7.) The Loofs allege that despite Rita Loof's repeated attempts to obtain an offer of free appropriate public education ("FAPE") from the District, the District never convened an Individualized Education Program ("IEP") meeting for the 2018-2019 school year and never allowed S.L. access to any of its programs. (Id. ¶ 22.)

On December 15, 2020, the District moved OAH to dismiss the Administrative Complaint on collateral estoppel grounds. (Id.) The District pointed to an OAH decision issued on November 24, 2020 ("November 2020 Decision"), which consolidated other OAH cases involving S.L. and the District (Case Nos. 2019080542, 2020040245, and 2020010465). (Id.) The November 2020 Decision addressed eighteen issues concerning the District's duties to provide special education services to S.L. during the 2016-2017 and 2018-2019 school years. (Id. ¶ 7.)

On December 30, 2020, the administrative law judge ("ALJ") granted the District's motion to dismiss based on collateral estoppel ("December 2020 Order"). (Id. ¶ 8.) The Loofs filed a motion for reconsideration on January 7, 2021, which the ALJ denied on January 8, 2021. (Id. ¶ 9.)

---

[1] Under the Local Rules of the Central District of California, the Opposition was due on October 18, 2021. L.R. 7-9. Though the Court may decline to consider any late filing, the Court will consider the Opposition. L.R. 7-12. The Court warns Plaintiffs that a failure to timely file documents in the future may result in sanctions. L.R. 7-13.

On January 18, 2021, the Loofs filed a request to amend the Administrative Complaint. (Id.)  The Loofs sought to add Issues 14 through 21, which raised additional concerns about the District's compliance with duties to provide special education services to S.L. during the 2018-2019 school year.  (Id.)  The Loofs did not receive a response from OAH regarding its request.  (Id.)  However, when the Loofs tried to access documents uploaded by OAH shortly thereafter, they discovered that there were no files in the system for the Administrative Complaint, and the case appeared to be closed.  (Id.)  To date, OAH has never issued an order specifically dismissing Issues 14 through 21.  (Id.)  The Loofs have not had the opportunity to address these issues at an OAH hearing.  (Id.)  Nor has the District ever moved to dismiss these issues.  (Id.)

### III.   LEGAL STANDARD

**A.  Rule 12(b)(6)**

Defendant seeks to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  Rule 12(b)(6) provides that a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a).  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Horosny v. Burlington Coat Factory, Inc., 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party.  See Doe v. U.S., 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556).  The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

//

Federal Rule of Civil Procedure 15 ("Rule 15") provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Despite this liberal standard, leave to amend may be denied if amendment would be futile to rectify the deficiencies in a pleading. Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).

### B. Review of Administrative Due Process Hearings

The Court has jurisdiction to review OAH decisions for errors of law. Thomas v. Empire Springs Charter Sch., 2020 WL 2141826, at *3 n.4 (C.D. Cal. Jan. 22, 2020.)

## IV. DISCUSSION

### A. Request for Judicial Notice

As an initial matter, the Court considers the District's RJN. The District requests judicial notice of nine documents:

(1) The Loofs' December 24, 2020 request to amend the Administrative Complaint ("First Request to Amend," Fernandes Decl., Ex. 1);
(2) The Loofs' December 24, 2020 Amended Administrative Complaint ("Amended Administrative Complaint," Fernandes Decl., Ex. 2);
(3) OAH's December 30, 2020 declaration of service of the December 2020 Order (Fernandes Decl., Ex. 3);
(4) The Loofs' January 6, 2021 request for reconsideration of the December 2020 Order ("Request for Reconsideration," Fernandes Decl., Ex. 4);
(5) OAH's January 8, 2021 order denying the Request for Reconsideration (Fernandes Decl., Ex. 5);
(6) The District's January 12, 2021 motion to dismiss and request for application (Fernandes Decl., Ex. 6);
(7) The Loofs' January 18, 2021 request to amend the Amended Administrative Complaint ("Second Request to Amend," Fernandes Decl., Ex. 7);
(8) OAH's January 25, 2021 "Order Granting Motion to Dismiss Time-Barred Claims and Issues Barred by the Doctrine of Collateral Estoppel; Order Denying Second Motion to Amend Complaint; Order of Dismissal in OAH Case No. 2020090375" ("January 25, 2021 Order," Fernandes Decl., Ex. 8); and
(9) OAH's January 25, 2021 declaration of service of the January 25, 2021 Order (Fernandes Decl., Ex. 9).

(See RJN.) The Loofs do not oppose the RJN.

//

The Court finds that it may properly take judicial notice of all such public records and documents. See Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (holding that courts may properly take judicial notice of public documents in other court proceedings); Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under [Federal Rule of Evidence] 201, the court can take judicial notice of [p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies.") (internal quotations omitted). Accordingly, the Court GRANTS the RJN and takes judicial notice of the above documents.

Though the Loofs also attach documents to the Opposition, they fail to request that the Court take judicial notice. "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 98 (9th Cir. 2003). The Loofs present Rita Loof's correspondence with the District and her declaration authenticating the letters. Because the FAC references this correspondence, the Court considers these materials.

## B. Statute of Limitations

The District first moves to dismiss the FAC on the basis that the Loofs raise new allegations that are time-barred. (Mot. at 10–12.) The Loofs contend that their new allegations relate back to the Complaint and are timely. (Opp'n at 11.) The Court agrees with the District.

In the Complaint, the Loofs sought reversal of the December 2020 Order, asserting that it mistakenly dismissed the Loofs' Administrative Complaint on collateral estoppel grounds. (Compl. ¶¶ 9, 14–15, Prayer for Relief § VI.1.) The Court found that the Loofs failed to sufficiently allege why the ALJ erred in its determination that the Administrative Complaint raised issues identical to those decided in the November 2020 Decision. (MTD Order at 6–7.) The Court dismissed the Complaint, but granted the Loofs leave to amend to specifically allege how the December 2020 Order was erroneous. (Id. at 7.) In the FAC, however, the Loofs raise new issues from a completely different order. Instead of alleging how the December 2020 Order's application of collateral estoppel was erroneous, the Loofs now seems to allege that the January 25, 2021 Order was in error.[2] (FAC ¶¶ 8–9, 24–25.)

In the January 25, 2021 Order, the ALJ considered any remaining issues in the Amended Administrative Complaint that the December 2020 Order had not dismissed. (See January 25, 2021 Order.) These issues included Issues 11(a), 11(b), and 12, which the December 2020 Order expressly did not decide. (See December 2020 Order.) The Loofs also added Issues 14 through

---

[2] Though the FAC does not explicitly mention the January 25, 2021 Order, the FAC alleges that "the ALJ applied collateral estoppel to the entire case, even though Issues #11(a), #11(b), #12 and #14–#21 were completely unaddressed at any time." (FAC ¶¶ 24.) Because it was the January 25, 2021 Order that applied collateral estoppel to Issues 11(a), 11(b), and 12, the Court infers that the Loofs' claim arises from the January 25, 2021 Order.

21 for the first time. (See Second Request to Amend.) The ALJ found that Issues 11(a) and 11(b) had already been decided by the November 2020 Decision and were barred by collateral estoppel. (January 25, 2021 Order at 7–8.) To reach this conclusion, the ALJ relied on the November 2020 Decision's finding that the District had no further duty to offer a FAPE or convene an IEP meeting with the Loofs after June 30, 2017. (Id. at 7.) The ALJ also found that the November 2020 Decision had implicitly determined that the statute of limitations had run for Issue 12. (Id.) As such, Issue 12 was time-barred and precluded by collateral estoppel. (Id.) The ALJ dismissed Issues 11(a), 11(b), and 12, and dismissed the Amended Administrative Complaint. (Id. at 8–10.) The January 25, 2021 Order neither mentioned nor decided Issues 14 through 21.

The Loofs now assert that the ALJ made two erroneous conclusions of law in the January 25, 2021 Order: First, the ALJ misapplied collateral estoppel to Issues 11(a), 11(b), and 12 and incorrectly dismissed the case, even though Issues 14 through 21 had not been decided; and, second, the ALJ erred when it reaffirmed that the District no longer had an obligation to provide special education services to S.L. (FAC ¶¶ 24–25.)

However, as the District notes, errors arising from the January 25, 2021 Order implicate a separate proceeding than that in the Complaint, which only alleged errors with the December 2020 Order. (Mot. at 11.) Under the IDEA and the California Education Code, an individual must challenge an OAH decision within 90 days of the decision or within 90 days of receipt of the decision, respectively. 20 U.S.C. §§ 1415(i)(2)(A)–(B); Cal. Educ. Code § 56505(k). For the new issues alleged in the FAC to be timely, the Loofs should have raised them within 90 days of the January 25, 2021 Order, or by April 25, 2021. They failed to do so.

The Loofs do not contest this timeline. (Opp'n at 11.) Instead, the Loofs assert that they did not know about the January 25, 2021 Order until the Motion. (Id.) This statement seems disingenuous, as they claim at the same time that they did raise issues related to the January 25, 2021 Order in the Complaint, just "not with enough specificity." (Id.)

The Loofs also argue that the FAC relates back to the Complaint, such that the allegations arising from the January 25, 2021 Order are timely. The Court disagrees. Under Federal Rule of Civil Procedure 15(c), "an amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Here, the FAC claims that the ALJ misapplied collateral estoppel in the January 25, 2021 Order, whereas the Complaint alleged that the December 2020 Order erroneously applied collateral estoppel. These are separate issues from different OAH decisions. Moreover, the FAC removes all allegations of wrongdoing by the ALJ in the December 2020 Order, which had been the crux of the Complaint. The one cause of action in the FAC only asserts errors with the dismissal of Issues 11(a), 11(b), and 12, which arise from the January 25, 2021 Order. Accordingly, the Court concludes that the FAC fails to state a claim arising out of the same conduct, transaction, or occurrence as the Complaint. Because the FAC fails to relate back to the Complaint, the FAC is untimely.

In sum, the Court concludes that the FAC is barred by the statute of limitations. The Court need not reach the other issues. Accordingly, the Court DISMISSES the FAC WITHOUT LEAVE TO AMEND.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion and DISMISSES the FAC WITHOUT LEAVE TO AMEND. The Clerk is directed to close the case. The January 31, 2022 hearing is VACATED.

**IT IS SO ORDERED.**